## BOWERS, *et al.* v. KEESECHER, *et al.*

1. MULTIFARIOUSNESS. The rule against multifariousness, is one of convenience, and will not be permitted to prevail when justice may be administered between parties without subjecting them to a multiplicity of suits.
2. SAME. A bill against several persons, joining seperate and distinct causes of complaint, will not be treated as multifarious, if they arise out of the same transaction, and present a common point of litigation, the decision of which affects the rights of all the defendants.
3. *Pearson* v. *David*, 1 Iowa 23, cited and approved.

### *Appeal from Dubuque District Court.*

### WEDNESDAY, OCTOBER 26.

IN CHANCERY. The material facts are stated in the opinion of the court.

*Smith, McKinley & Poor*, and *Wiltse, Friend & Jennings*, for the appellants, contended that the bill is not multifarious. The plaintiffs are heirs of George Lamb Bowers, and as such claim the lots in controversy against the defendants, who, as the bill sets forth, derive their claims to the lots, also from the said George Lamb Bowers, through deeds made by Edwin H. Snow, as administrator of his estate, which deeds, it is charged, are wholly void for want of right, or power, in the administrator to make them, or to sell the lots. *Gaines* v. *Chew, et al*, 2 How. S. C. R. 642; Story's Eq. Pl. section 284; *Campbell* v. *McKay*, 1 Myl. & Cr. 623; Redsd. Pl. (4th Ed.) 181–183; *Varick* v. *Smith*, 5 Paige 160; *Brinkerhoff* v. *Brown*, 6 John. Ch. 139; *Fellows* v. *Fellows*, 4 Cow. 682; *Bugbee* v. *Sargent*, 23 Maine 269; *Nelson* v. *Hill*, 5 How. 132; *Pierson* v. *David*, 1 Iowa 23.

*Samuels, Allison & Crane*, for the appellees, in support of the proposition that the bill is objectionable for multifariousness, cited, 1. Dan. Ch. Pr. 407 and note, and 409 and note 1; Story's Eq. Pl. section 271, 273, 1276 and note, and 284; *West* v. *Randall*, 6 Mason 200; *Meacham* v. *Williams*, 9 Ala. 842; *Mayor of York* v. *Pilkington*, Salk. 282; *Stewart* v. *Coulter*, 4 Randolph 85; *Ward* v. *The Duke of Northumberland*, 2 Anstr. 469; *Brinkerhoff* v. *Brown*, 6 John. Ch. 139; *Fellows* v. *Fellows*, 4 Cow. 682; *Boyd* v. *Hoyt*, 5 Paige 67; *Coe* v. *Turner*, 5 Com. 86, and the cases there cited; 18 Ves. 71; *Oliver* v. *Park*, 3 How. U. S. 333–412; *Ohio* v. *Ellis*, 10 Ohio 456; *Warthew* v. *Brantley*, 4 Georgia 571.

STOCKTON, J.—The complainants claim as the heirs at law of George Lamb Bowers, who they allege was entitled to pre-emptions to lots No. 209, 443*a*, 524*a*, and 539*a*, and to the undivided half of lots 422 and 423, in the town of Dubuque, under the acts of Congress of July 2, 1836, and March 3, 1837, for laying out of the said town; that he proved up his rights of pre-emption to said lots before the commissioners, under said acts of Congress, and obtained certificates of pre-emption thereto; that in December, 1858, the said George Lamb Bowers, departed this life, and Edwin H. Snow was appointed his administrator, who as such administrator, entirely on his own responsibility, without making any application to the Court of Probate, or any other court having lawful authority to order the sale; and without any order or license so to do, sold and conveyed the said lots to various purchasers thereof, under whom the present defendants hold, or pretend to hold the same.

The complainants aver that they are the heirs, and legal representatives of said George Lamb Bowers; that at the time of his death they were, and have been ever since residents of the State of Maryland; that they have been but recently informed concerning the situation of the estate of said intestate left by him at his decease, and of the pretended sale and conveyance of said lots by said administra-

tor, who has never rendered any account of his doings as such administrator. They charge that Keesecher, one of defendants, claims to own lot 209; Healy, another of defendants, lot 433a; Desille, 524a; Lull, Merritt & Co., lot 539a; Finley, the undivided half of lot 422; Herancourt, the undivided half of the south half of lot 423; and Wise, the undivided half of the north half of lot 423. All of whom are made defendants to the bill. The complainants pray that the sales, and deeds of conveyance to purchasers; made by said administrator, may be declared null and void, that defendants may be decreed to be trustees respectively; holding the title of said lots in trust for complainants; that they be decreed to accounts for the rents and profits thereof, and be barred from setting up any claim to the same; and for general relief.

The defendants by their answers, made several defenses to the relief sought by the complainants. On the final hearing however, without considering any other objection to the relief sought, the court dismissed the bill for multifariousness.

When the cause came on for final hearing, the question of multifariousness in the complainants' bill being raised by the defendants, the court directed the question to be argued, and for that purpose a demurrer and motion were filed, which being considered by the court, were sustained and the bill dismissed.

The rule that multifarious matters shall not be joined in the same suit, is one of convenience, and though the matter may be admitted to be distinct, and of different matters, if justice may be administered between the parties without subjecting them to the necessity of a multiplicity of suits, the rule will not be suffered to prevail. If there is a common point of litigation, the decision of which effects the whole number of defendants, and will settle the rights of all, they may be all joined in the same proceeding.

A bill is not to be treated as multifarious because it joins two good causes of complaint, growing out of the same trans-

action, when all the defendants are interested in the same claim of right, and when the relief asked for in relation to each, is of the same general character.   Story's Eq. Pl. sections 284, 534; *Bugbee* v. *Sargent*, 23 Maine 271.   The defendants in this instance all derive their interest from Snow, as the administrator of Bowers.   The object of the bill was to have determined the right of Snow as such administrator to make sale of the lots, and as the defendants were jointly interested in the determination of this question, it was proper they should be made joint defendants.

It was held by Lord Kenyon that when an estate had been sold in parcels to many different persons, a bill could not be filed in the name of all of them, to compel a specific performance; and the reason was, that each party's case would be distinct, and would depend upon its own peculiar circumstances.   There must be a distinct bill on each contract. *Rayner* v. *Julien*, Dickens 677; *Brinkerhoff* v. *Brown*, 6 John. C. R. 152.   In the case last cited, it was held that a bill against several persons must relate to matters of the same nature, and having a connection with each other, and in which all the defendants are more or less concerned, though their rights in respect to the general subject of the case may be distinct.

So in *Varick* v. *Smith*, 5 Paige Ch. R. 160, it is held that a bill is not multifarious, because two good causes of complaint, arising out of the same transaction, are joined in one suit in which all the defendants are interested in the same claim of rights, and when the relief asked for in relation to each is of the same general character.   The rule has been recognized by this court in *Pierson* v. *David*, 1 Iowa 23.

The judgment of the court dismissing the plaintiffs' petition is reversed, and the cause remanded for further proceedings.

Decree reversed.