PULLMAN *et al. v.* STEBBINS *et al.* .

(*Circuit Court, D. Montana.* May 2, 1892.)

1. CREDITORS' BILL—DISSOLVED CORPORATIONS—CREDITORS AT LARGE.
    Where, in consequence of the dissolution of a corporation, no action at law can be maintained against it by creditors at large for the recovery of judgments, they may maintain a creditors' bill unsupported by judgments, to reach the assets of the company in the hands of third persons.

2. SAME—PROCEDURE.
    . The assets in question having been fraudulently assigned to trustees, who had notice of the fraud, one of whom was interested in maintaining it, plaintiffs were excused from demanding that their suit should be brought by the trustees.

3. SAME—PRACTICE.
    A bill in substance a creditors' bill, but which fails to state that it is brought as well on behalf of all creditors who will come in and make themselves parties on plaintiffs' behalf, is fatally defective.

4. SAME—PARTIES.
    Suit was brought by creditors of the C. Co., to subject real estate fraudulently conveyed to S., and by S. conveyed with warranty to the M. Co., to the payment of plaintiffs' claims. There was no prayer that these conveyances be set aside, the object of the bill being merely to have them declared void as to plaintiffs. *Held,* that S. was not a necessary party to the suit.

5. EQUITY—PLEADING—MULTIFARIOUSNESS.
    A bill seeking to subject property fraudulently conveyed in separate parcels to different persons, but charging that each and all of the transactions were parts of one scheme to deprive plaintiffs of the power to collect their claims, with the knowledge and consent of each and all the defendants, is not multifarious.

In Equity. Suit by Samuel C. Pullman and others against Charles H. Stebbins and others. Heard on demurrer to the bill. Demurrer sustained in part. .

*Savage & Day* and *John T. Smith,* for complainants.

*A. J. Campbell, Cullen, Sanders & Shelton,* and *B. P. Carpenter,* for defendants.

KNOWLES, District Judge. The complainants filed their bill of complaint in the nature of a creditors' bill in this court, having for its purpose the reaching of certain assets of the Carver Mercantile Company, a corporation organized under the laws of Montana. This corporation, however, had been disincorporated before this action was commenced by virtue of a decree of the district court of the eighth judicial district of the state of Montana, in and for Park county. This decree was entered on the 17th day of January, 1891. The complainants are all what is termed "creditors at large;" none of them have obtained judgments at law on their claims. The first point raised by the demurrer to the bill is that it cannot be maintained by such creditors. The general rule is that only judgment creditors can institute an action in the nature of a creditors' bill. *Smith* v. *Railroad Co.,* 99 U. S. 398; *Day* v. *Washburn,* 24 How. 352; *Jones* v. *Green,* 1 Wall. 330. But in this case the corporation had been disincorporated, and had ceased to exist. No action at law could then be maintained against it. If it is necessary, under such circumstances, to still apply the rule that a judgment must first be obtained against the corporation at law, plaintiffs are without remedy, and

a fraud by means of a decree of court has been wrought successfully against them. Section 489, Comp. St. Mont., div. 5, provides that—

"Upon the dissolution of any corporation formed under this chapter the trustees at the time of the dissolution shall be the trustees of the creditors and stockholders of the corporation dissolved, and shall have full power and authority to sue for and recover the debts and property of the corporation by the name of trustees of such corporation, collect and pay the outstanding debts, settle all its affairs, and divide among the stockholders the money and other property that shall remain after the payment of the debts and necessary expenses."

In the case of *Horner* v. *Carter*, 11 Fed. Rep. 362, the circuit court of the United States for the district of Missouri considered a statute of that state almost identical with the one above set forth, and held that the statute contemplated "a proceeding in equity for the settlement of the trust in the first instance" against such trustees. After their liability is determined in equity, an action at law might be maintained against them. As a general rule it may be said that a trustee can be reached only in equity by the *cestui que trust* when property rights between them are involved in a dispute. Pom. Eq. Jur. § 100. There is no power given in the above statute to creditors to sue at law these trustees; and even after a decree in equity they could be sued thereon only for a judgment to the amount of assets that had come into their hands as such trustees. The bill sets forth that about the 1st day of December, 1890, the Carver Mercantile Company, "by its trustees, the said Stebbins, Angus, and Smith, transferred all of the stock of goods, fixtures, and all other personalty of whatever kind and character belonging to the said Carver Mercantile Company to the Stebbins Mercantile Company, except what is hereinafter named,"—that is, in the bill named. "That prior to its dissolution, on the 27th day of January, 1891, the Carver Mercantile Company conveyed, by deed duly executed and delivered, all its real estate to Charles H. Stebbins; that on the 24th day of January, 1891, the said C. H. Stebbins and Charles Angus, pretending to act as president and secretary, respectively, of said Carver Company, by an instrument in writing assigned all the book accounts, notes, mortgages, chattel mortgages, judgments, and credits of every form, and against any persons whomsoever, belonging to the said Carver Mercantile Company, to the National Park Bank of Livingston." Taking these allegations and others in the complaint together, I think it clearly appears that the Carver Mercantile Company, before it was dissolved, had conveyed away all of its property, and that there was no property to which it had title as between it and its grantees in its possession, or in any manner held by it, which could pass to the possession of the statutory trustees. Certainly, then, neither an action or a suit at law would lie against them at the instance of the creditors of the Carver Mercantile Company. The reason an action at law is required, and judgment obtained and execution issued, and a return unsatisfied, before a creditors' bill will usually lie, is because a creditors' bill is treated generally as an aid to an action at law. Until it appears that the action at law has

failed, or would be without avail, to give the relief to which a party is entitled, a court of equity has no jurisdiction. The best evidence of these facts is the judgment, execution, and return *nulla bona* thereon; but there are exceptions to the rule that a judgment at law must be first obtained. This is recognized in the last clause of the opinion of the supreme court in the case of *Smith* v. *Railroad Co.*, 99 U. S. 398. In the case of *Pendleton* v. *Perkins*, 49 Mo. 565, the supreme court of the state of Missouri held that a creditors' bill would lie when a debtor had absconded, although the creditor had obtained no judgment at law against the debtor. In the case of *Scott* v. *McMillen*, 1 Litt. (Ky.) 302, it was held that such a bill would lie although no judgment had been obtained at law, when a debtor was absent from the state, with the view of discovering his assets. To the same effect are *Greenway* v. *Thomas*, 14 Ill. 271; *Farrar* v. *Haselden*, 9 Rich. Eq. 331. In the case of *Hogan* v. *Walker*, 14 How. 29, a creditors' bill was allowed where a creditor had obtained a judgment against his debtor; the debtor died; the judgment became stale, so that no execution could issue on the same; before his death, the debtor had conveyed away his property by conveyance absolute in form, but retaining a secret trust in his favor, which made the same void as to creditors; the administrator had failed to take any steps to have this conveyance set aside, although it was held he represented the creditors as well as the next of kin. This doctrine has been approved by other decisions of the supreme court. *Bessele* v. *Clark*, 7 Cranch, 69. In *Kennedy* v. *Creswell*, 101 U. S. 641, the bill was maintained where the creditor was a creditor at large, and not a judgment creditor. If a creditors' bill can be maintained for the purpose of discovering the assets of an absconding or absent debtor, and for the discovery of the assets of a deceased debtor, without first having obtained against either judgment at law, or where a judgment cannot be enforced without being revived, it would appear that it ought to be maintained when a corporation has become dissolved by a decree of court, and where it had property which it conveyed away before its dissolution, in fraud of its creditors. The reasoning that applies to the former cases applies to this. The plaintiffs in this case would appear to have rights which cannot in any way be enforced at law; that they have no adequate remedy at law is as apparent as if judgment had been obtained, and execution returned "No property found." I do not think the case of *Sturges* v. *Vanderbilt*, 73 N. Y. 384, applicable to this case. In that it affirmatively appears that enough property passed to the trustees to liquidate the debts of the company, and the court thought that should have been exhausted before the creditors could follow certain moneys into the hands of one of the stockholders.

It is said, however, that there should have been a demand upon the statutory trustees to bring this action. It is not certain they could have brought this action. But if they could, it appears in the bill that they had been the agents through which the very fraud complained of by plaintiffs had been conducted, and one of them has an interest in maintaining it, and all except perhaps one had conspired to commit the

fraud. In the case of *Hogan* v. *Walker*, *supra*, Justice CURTIS expressed some doubt as to whether a creditor could sue a third person with the administrator to discover assets of a deceased debtor without first having made a demand upon the administrator. He said:

"If this bill had contained an allegation that the administrator had been requested to sue, and had refused, the case would be free from all doubt, and upon the facts averred in the bill we do not think such a request necessary, because it does appear that about two years elapsed after the death of Levy Pope before this bill was filed, and the administrator took no steps to reduce these assets to possession; because when this bill was filed he resisted it by demurrer, relying upon the statute of limitations; because it must be admitted to have been doubtful how far he had a remedy without the concurrence of any creditor."

There are cases, then, which will excuse the demand upon the statutory trustees. The facts in this case are such as would induce a court to hold that such a demand was not necessary. While I do not think the creditors can claim any specific lien upon the property alleged to have been fraudulently conveyed by the dissolved corporation, I do think the case is one which shows that the plaintiffs have rights for which the law affords no adequate remedy, and that a court of equity is the only forum in which they can be asserted. For these reasons I think the point that the bill would not lie in this case is not well taken.

The next point presented is that the bill of complaint is defective, because brought for the benefit of the plaintiffs named in the bill only. The bill should be classed as a creditors' bill, and the rule is that such a bill should be brought for the benefit of the complainant and all other creditors similarly situated, who may come in and become parties to the cause, and present their rights. Story's Equity Pleadings lays down this rule:

"But a few creditors will not be permitted to bring a bill of this sort for an accounting and administration of the assets without saying in the bill that it is brought on behalf of themselves and all the rest of the creditors." Page 104, § 99.

This doctrine is fully supported in *Brown* v. *Ricketts*, 3 Johns. Ch. 553–555, and *Hornor* v. *Henning*, 93 U. S. 233. It will be seen by consulting the above authorities that one of the objects of such a bill is the administering upon and distributing of the discovered assets of the debtor among the creditors. No one creditor or set number of creditors has the right to have these assets applied solely to the payment of his or their claims. Equity treats every creditor as entitled to an equal distribution of these assets; hence it will not be proper for a court of equity to turn the assets of the debtor over to a portion of the creditors and exclude others; hence it is necessary for the complainants to bring the action for the benefit of all creditors. Of course no creditor will be required to become a party to the action, and ask for his share of the distribution. With this view of the nature of the bill I think the rule must be considered as a commendable one, which requires the bill to state that it is for the benefit of all the creditors of the debtor whose assets are sought. It is argued, however, that it does not appear but that

the plaintiffs are all of the creditors. There may be an inference drawn from one line in the bill that there are other creditors, but I apprehend that the above rule requires that it should affirmatively appear that the plaintiffs are all the creditors of the dissolved corporation. If the court is required to presume that such is the case, as no others are named, the same presumption would be called into use if there was only one plaintiff. A court, when it comes to pleadings, does not act upon presumptions; it looks to allegations. The point is that the bill should affirmatively show it is for the benefit of all the creditors, and, if the allegations do not show this, the court will not presume it. The party holding the assets of the debtor, if all the parties to be benefited are not allowed to come in and share in one suit, might be subject to an action at the hands of each creditor, and thus be vexed with a multiplicity of suits, which would not be countenanced in equity. Story, Eq. Pl. § 99. In this particular the complaint is defective, and upon this point the demurrer should be sustained.

The defendants further urge that there is a nonjoinder of parties defendant in this: that it is sought in the bill to set aside a conveyance to Charles M. Stebbins of real estate which he afterwards conveyed by a warranty deed to the defendant the Montana Investment Company, and the said Charles M. Stebbins is not a party to the suit. There is no prayer in the bill asking to have these conveyances set aside. The object of the bill is not to set aside these conveyances between the parties, but to declare the property which was conveyed by said deeds to said Stebbins, and by him to said investment company, the property of the Carver Mercantile Company, as far as the creditors are concerned. As between the parties to these transfers, it is not the purpose to cancel them, but to declare them void as to the creditors of said Carver Company, which was not a party thereto. If this is established, the Montana Investment Company would become a trustee of the property of said Carver Company for the benefit of its creditors until the claims of such creditors are satisfied. Under such a view it was not necessary to make the said Charles M. Stebbins a party to the bill. Bump, Fraud. Conv. 549, when discussing parties to a bill, says:

"If the grantee, however, has parted with his interest in the property, he is not a necessary party. * * * A person through whom the title has passed from the debtor to the grantee is a proper, but not a necessary, party." Id. (2d Ed.) 550.

This view is fully supported by the following authorities: *Jackman* v. *Robinson*, 64 Mo. 289; *Stout* v. *Stout*, 77 Ind. 537.

The next point presented, that the bill is multifarious in this: that it presents against several defendants distinct and independent matters which have no relation to each other, and in all of which all of the defendants are not concerned. The ground here urged amounts to this: The Carver Mercantile Company conveyed a portion of its property to the Stebbins Mercantile Company, and a portion of its property to Charles H. Stebbins. A portion of this was conveyed by said Charles H. Stebbins to his father, Charles M. Stebbins, and a portion to E. H. Talcott.

It is claimed that these were separate transactions, in which only the parties to each were interested, and hence all ought not to be litigated in the same action. At first impression this ground would seem to be well taken. The bill, however, charges "that each and all of these transactions were part and parcel of one scheme to deprive the creditors of the Carver Company of the power to collect their claims against the said company, and to appropriate the assets of said company to the use of the said bank and Charles H. Stebbins, and were each and all done with the knowledge and consent of each and all of the defendants." Under such an allegation, there is no doubt but the bill is not multifarious, and I should be inclined to think, under the authorities, the bill would not be subject to that objection if this allegation had not been made. *Fellows* v. *Fellows*, 4 Cow. 682, 15 Amer. Dec. 413, and note; *Boyd* v. *Hoyt*, 5 Paige. 65; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Hamlin* v. *Wright*, 23 Wis. 491; *Chase* v. *Searles*, 45 N. H. 511; *New York & N. H. R. Co.* v. *Schuyler, Cross, etc.*, 17 N. Y. 592. For the reasons named the demurrer is overruled upon all the points contained in the same, save as to the one that the bill should show that it is for the benefit of all of the creditors of the Carver Mercantile Company, and as to this it is sustained.