107    81
s64NW  950
130    608

## HULBERT v. DETROIT CYCLE CO.

CREDITOR'S BILL—PARTIES—MULTIFARIOUSNESS.

A judgment creditor, on filing a bill for the sole purpose of impounding all of the assets of the debtor to pay his debts, may join as defendants every person to whom the debtor has fraudulently conveyed his property.

Appeal from Wayne; Donovan, J. Submitted October 25, 1895. Decided November 5, 1895.

Judgment creditor's bill by William A. Hulbert and another against the Detroit Cycle Company, Limited, and others. Complainants appeal from a decree dismissing the bill on demurrer. Reversed.

The complainants recovered a common-law judgment for $691.04 against the Detroit Cycle Company, Limited, a limited partnership association, formed under Act No. 191 of the Public Acts of 1877, and amendments thereto (1 How. Stat. chap. 79, p. 623 *et seq.*). A *fi. fa.* was issued in due form, placed in the sheriff's hands, and returned wholly unsatisfied. They thereupon filed a creditors' bill in behalf of themselves and certain other judgment creditors, who should share the expenses of the litigation.

The defendants and their connection with this controversy are as follows:

*First.* The Detroit Cycle Company, Limited, is the judgment debtor.

*Second.* Edwin B. Robinson, John A. Matheson, and John T. Holmes are the partners composing the Detroit Cycle Company, Limited, a partnership association, limited. Each of them subscribed $3,333.33 to the capital of the concern, of which each paid in cash, at the time of the subscription, $1,000, and $500 afterwards. No other cash payments were ever made. They afterwards gave their several notes for $1,833.33 each to the company, for the ostensible purpose of paying their stock subscriptions. These notes were made payable to the order of the Detroit Cycle Company, Limited, and afterwards transferred by it to the defendant Gormully & Jeffery Manufacturing Company, with the understanding that their payment would never be called for. The object of the transaction was to escape liability to the creditors of the Detroit Cycle Company, Limited, as subscribers to its capital stock.

*Third.* The Gormully & Jeffery Manufacturing Company secured a mortgage from the Detroit Cycle Company, Limited, of all its assets then present and prospective, and, in and by the same instrument, an assignment of all its bicycle contracts and other choses in action which the Detroit Cycle Company, Limited, then owned or might afterwards acquire. This mortgage was made at the same time that the three notes were made, referred to above. The consideration expressed in the mortgage is a debt from the Detroit Cycle Company, Limited, to the mortgagee for $14,126.79, which it is alleged was in excess of the actual indebtedness. The value of the property covered by the mortgage was $20,000, and the value of the bicycle contracts was $10,000 more. The equity of redemption was, in accordance with a fraudulent and collusive arrangement, bought by the Gormully & Jeffery Manufacturing Company at an execution sale upon a justice's judgment. This was brought about in this way: One Carmichael recovered a judgment against the Detroit Cycle Company, Limited, before a justice, for $75 damages and $4.50 costs. Execution upon this judgment was stayed. The defendant Holmes became surety for that purpose. About four months afterwards, and before the stay had expired by limitation of time, defendant Holmes, in collusion with the other defendants, made affidavit that he deemed himself insecure. An execution was accordingly issued, and the property covered by the mortgage sold, for the amount of the judgment and costs, to an employé of the Gormully & Jeffery Manufacturing Company, and in its behalf.

*Fourth.* The defendant Atkinson, while the property of the Detroit Cycle Company, Limited, was in the possession of the Gormully & Jeffery Manufacturing Company under its chattel mortgage, had transferred to him bicycle contracts, the property of the Detroit Cycle Company, Limited, to the value of $3,000, without consideration; and he collected the proceeds thereon, and appropriated them to his own use. He has also obtained possession of

the books of the Detroit Cycle Company, Limited, and has refused complainants access thereto for the purpose of ascertaining the amount of the subscriptions to the stock of the Detroit Cycle Company, Limited, not yet paid up.

The bill proceeds upon the theory that the property transferred to the Gormully & Jeffery Manufacturing Company and Atkinson, and the amount of the unpaid subscriptions to the capital stock of the Detroit Cycle Company, Limited, are chargeable for the payment of the Detroit Cycle Company's debts. The defendants severally demurred, upon the ground of multifariousness. These demurrers the court sustained.

*Bowen, Douglas & Whiting* (*Otto Kirchner,* of counsel), for complainants.

*Russel & Campbell* and *Atkinson & Atkinson,* for defendants.

Grant, J., *(after stating the facts).* The single purpose of this bill is to impound all the assets of the defendant, the Detroit Cycle Company, to pay its debts. It is alleged that all its property has been dissipated and conveyed in different parcels to the various defendants, with the common object of preventing its application upon the debts due to the complainants and its other creditors. It would certainly be a reproach upon equity jurisprudence if a creditor were compelled to institute a separate suit against each person to whom a debtor has fraudulently conveyed his property. This would be true even if there were no common purpose among those to whom such conveyances are made. The cases upon this subject are very numerous, and many of them are cited in *Torrent* v. *Hamilton,* 95 Mich. 159. The firmly-established rule is that in such cases the creditor may make all such parties defendants, and thus avoid a multiplicity of suits. It has been held that, though the matters set forth in the pleading are distinct, yet, if justice can be administered between the parties without a multiplicity of suits, the objection

of multifariousness will not prevail. *Bowers* v. *Keesecher,*
9 Iowa, 422. The correct rule is stated in *Chase* v. *Searles,*
45 N. H. 511, that where a creditor seeks to set aside all
conveyances made by the debtor, in order to accomplish
a single object, viz., the satisfaction of his judgment out
of the property so conveyed, the bill is not multifarious.
See, also, Wait, Fraud. Conv. §§ 54, 150, 151; *Hill* v.
*Moone,* 104 Ala. 353; *Collins* v. *Stix,* 96 Ala. 338; *Pullman*
v. *Stebbins,* 51 Fed. 10.

The decree of the court below is reversed, and the de-
murrers overruled, with costs of both courts. The case
will be remanded, and the defendants given the usual
time to answer.

The other Justices concurred.