SCHAUB v. WELDED-BARREL CO.

1. EQUITY PRACTICE—DEMURRER—JUDGMENT CREDITOR'S BILL—
CORPORATIONS.
   Where a stockholder of a corporation demurs to a judgment
   creditor's bill, filed against the corporation and certain stock-
   holders to reach unpaid subscriptions, on the ground that the
   bill cannot be maintained against him in any event, he can-
   not, in support of the demurrer, assign as cause *ore tenus*
   that it was incompetent to bring him in by amendment after
   a receiver had been appointed.   Chancery Rule No. 9*a*.

2. SAME—PARTIES.
   A stockholder who has not paid his subscription to the capital
   stock may be joined as a defendant in a judgment creditor's
   bill against the corporation.

3. SAME—AMENDMENTS.
   Such stockholder may be made a party defendant by an amend-
   ment to the original bill after a receiver has been appointed.

Appeal from Wayne; Brooke, J.   Submitted April 25,
1902.   (Docket No. 25.)   Decided May 19, 1902.

Judgment creditor's bill by Julius W. Schaub against
the Welded-Barrel Company, Charles L. Coffin, and
Cyrus E. Lothrop.   From an order overruling the sepa-
rate demurrers of defendants Coffin and Lothrop, they
appeal.   Affirmed.

*Wells, Angell, Boynton & McMillan,* for complain-
ant.

*Edwin F. Conely* and *Orla B. Taylor,* for appellants.

MONTGOMERY, J.   In September, 1897, the complainant
entered into a contract with the Arc Welding Company
and the Welded-Barrel Company, by the terms of which
said companies agreed to employ the complainant for a
period of three years as general superintendent.   In Jan-

uary, 1898, the complainant was discharged.  He brought
an action against the defendant company for his damages,
and recovered a judgment on April 21, 1900, in the sum
of $5,000.   The defendant appealed to the Supreme Court,
where the judgment, on January 29, 1901, was affirmed.
*Schaub* v. *Welded-Barrel Co.*, 125 Mich. 591 (84 N. W.
1095).   An execution taken out on this judgment having
been returned wholly unsatisfied, the original bill in this
cause, containing the ordinary averments and prayer for
relief of a judgment creditor's bill, was filed.   Upon the
bill a receiver was appointed, and the defendant company
was ordered to turn over its assets to the receiver, under
the direction of a circuit court commissioner.

After the appointment of the receiver, complainant
amended his bill, making Charles L. Coffin and Cyrus E.
Lothrop parties defendant, as stockholders in the defend-
ant company.   Warren L. Beckwith, who also subscribed
to the capital stock of the company, was not made a party
defendant, for the reason that he was a nonresident of the
State, and not within the jurisdiction of the court.   The
amended bill sets up that the defendant company was
organized to take over the business of a certain other cor-
poration, known as the Welded-Steel Barrel Company;
that in fact the arrangement by which they were to take
over the business of this corporation fell through; and that
no assets were in fact paid in to the defendant company,
although the defendants Coffin and Lothrop, together with
Beckwith, subscribed capital stock.   The bill prays, in addi-
tion to the prayer contained in the original bill, that said
Coffin and Lothrop may be directed to pay over to the
receiver theretofore appointed in the case, or to such re-
ceiver as thereafter might be appointed by the court, the
amounts due from them, and each of them, on account of
their unpaid subscriptions to said capital stock, in amounts
sufficient to meet the claims of complainant and such other
creditors as might be entitled to join with the complain-
ant.

The defendant the Welded-Barrel Company has entered no appearance in the case. The defendants Coffin and Lothrop entered separate demurrers as follows:

"1. That the complainant is not entitled to maintain a bill of complaint against this defendant to recover a subscription to the capital stock of said Welded-Barrel Company, even if such subscription were in fact made.

"2. That said bill of complaint is exhibited against this defendant and other persons therein named as defendants thereto for distinct matters and causes, in several whereof, as appears by said bill of complaint, this defendant is not in any manner interested or concerned, and that said bill of complaint is altogether multifarious."

These demurrers were overruled by the court below, and Coffin and Lothrop appeal.

It is urged in support of the demurrer that, whether the complainant had the right to join the two defendants, Coffin and Lothrop, in the original bill, or not, it was not competent to bring them in by amendment to the bill after the receiver had been appointed; that the proper proceeding would be for the receiver himself to institute the proceeding against these defendants in the interests of all the creditors. It might be sufficient to say that, under Chancery Rule No. 9*a*, these defendants are not in position to raise this question. This rule now requires that the demurrer shall state the special reasons, in matters of substance, in a general demurrer, as well as matters of form in a special demurrer. This rule practically renders obsolete the practice of assigning causes of demurrer *ore tenus*. The objection to this bill, as set out in the demurrer, was not as to the order of proceeding, but was to the effect that the complainant could not, in any case, maintain such a bill against the defendants.

But on the merits we think the learned circuit judge reached the correct conclusion. Under our statute (3 Comp. Laws, §§ 9760, 9769, 9773), it is proper to join stockholders in a proceeding of this nature. See *Hulbert* v. *Detroit Cycle Co.*, 107 Mich. 81 (64 N. W. 950); *Peninsular Sav. Bank* v. *Black Flag Stove-Polish Co.*, 105 Mich. 535 (63 N. W. 514).

We also think it was proper to bring in these defendants by amendment to the original bill. In the case of *Young v. Iron Co.*, 65 Mich. 111 (31 N. W. 814), it was directed by the court that additional holders of stock, who had not paid their subscriptions, should be made parties defendant to the suit.

The order overruling the demurrers will be affirmed, with costs of this court to complainant, and the cause remanded for further proceedings.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.