Lucy A. Barron, in equity, *vs.* Charles C. Burrill.

Hancock.     Opinion November 30, 1893.

*Corporation.     Unpaid Stock.     Creditor's Bill.     Taking stock in name of third party.     R. S., c. 46, § 47.*

The actual taking of shares in a corporation is equivalent to a subscription for or an agreement to take them under R. S., c. 46, § 47.

Upon a creditor's bill against a shareholder of a corporation for unpaid stock, it was an issue of fact whether the defendant had subscribed for its stock within the meaning of R. S., c. 46, § 47. It appeared that the shares stood in the name of A and were receipted for and taken by B, the defendant, without the knowledge or authority of A. *Held;* that it was the defendant B's own transaction, although the shares were issued in A's name; and that the defendant, not having A's authority to take the shares for him, must be considered as the real taker and owner of them.

When no transfer of shares appears on the books of a corporation, ownership of the same may be presumed to continue accordingly.

Stockholders who have not fully paid in their subscriptions for stock are not personally liable by R. S., c. 46, § 47, to contribute to the payment of a mortgage debt of the corporation. But where the corporation buys lands subject to mortgage which it assumes and agrees to pay, *held,* that the agreement of the corporation to pay such mortgage does not make it a mortgage debt of its own; and such stockholders are liable to contribute to the payment of such debt.

*McAvity* v. *Lincoln P. & P. Co.* 82 Maine, 504, affirmed.

*Barron* v. *Paine,* 83 Maine, 312, affirmed.

See *Barron* v. *Burrill, ante,* p. 66.

On report.

Bill in equity, heard on bill, answer and proofs, brought to recover the amount of one hundred shares, par value five dollars, of unpaid stock taken by the defendant in the Bar Harbor Land Company, against which the complainant has an unsatisfied judgment.

The case was heard with the preceding; and it was agreed that the evidence of that case may be regarded, as far as it is material and pertinent, as evidence in this case; and it was admitted that the receipt for each of the three certificates of stock, "J. E. Parsons by C. C. Burrill," was in defendant's handwriting."

J. E. Parsons, cashier of the defendant's bank, was called as a witness by the plaintiff, and testified : -

"Q. The records of the corporation show that, in addition to the fifty shares, there were one hundred shares issued to you the same day. Did you authorize the issuance of those shares? A. I have no knowledge of anything more than fifty shares."

"Q. Did you pay any money for these hundred shares? A. No, sir."

"Q. Have you ever ratified the issuance of that stock to you? A. I have never seen the certificates."

The defendant denied the allegations of the bill except the recovery of the judgment and the organization of the corporation.

The defendant contended that there must be proof that the defendant subscribed for or agreed to take stock in the company ; that he was owner of the stock, when the debt was contracted ; and that there was no evidence of the latter.

The facts of the indebtedness of the corporation to the plaintiff, and upon which she obtained her judgment, are stated in full in *Barron* v. *Paine*, 83 Maine, p. 315, in par. 4, of the defendant's answer.

*J. A. Peters, Jr.*, for plaintiff.

Counsel cited : *Barron* v. *Paine*, 83 Maine, 312 ; *Gordon* v. *Lowell*, 21 Maine, 251 ; R. S., c. 46, § 47 ; *Davis* v. *Stevens*, 17 Blatch. 259, and cases.

It is said in Cook on Stock, etc. 2d. Ed. p. 541 : "Stock is often placed in the name of a 'dummy' by men who subscribe for or buy stock and do not wish to be subject to the liabilities of a regular stockholder. The dummy is generally a relative, a child, an agent, an employee or a friend. The real owner supposes that he thereby escapes liability ; and so he does, if he can conceal the fact that he is the real owner of the stock. But if he is discovered then he is liable. The corporation or the corporate creditors may reach him. The dummy is the agent and the real owner is the principal. The agent is liable and so is the undisclosed principal. The device to escape liability fails. Chief Justice WAITE of the Supreme Court of the United

States clearly established this principle of corporation law in the year 1879."

*Charles P. Stetson*, for defendant.

Statute is to be construed strictly and defendant should not be holden unless upon clear evidence bringing his liability within the terms of the statute. *Libby* v. *Tobey*, 82 Maine, 397. It must appear that he subscribed for and agreed to take the stock; that he has not paid for the same. There is no evidence that Burrill subscribed for or agreed to take the stock issued to Parsons; no evidence that it was not fully paid for. There is no evidence that Burrill was the owner of the stock.

The court should not hold defendant liable by reason of mere inference. Plaintiff should be required to establish his case by clear testimony upon all points of the statute making the liability. It is not necessary to the validity of a transfer that there should be a consideration, and a party may give his stock and avoid liability. It is a well-settled rule of law that a transferrer of stock cannot be charged with corporate indebtedness incurred after the transfer has been regularly made and duly recorded in the corporate books. This rule follows as a matter of course, from the fact that after registry of a transfer, not only has transferrer ceased to have any interest in the corporation, but by the registry he has given notice to all future creditors of the corporation that they cannot look to him as security for their debts, although the object and purpose of the transferrer might have been to avoid liability. *Holyoke Bank* v. *Burnham*, 11 Cush. 187.

The creditors of the company have notice by the books of the company, who are the stockholders at the time the debt is contracted, and cannot complain that the person in whose name the stock is at that time is not the *bona fide* owner.

SITTING: LIBBEY, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

HASKELL, J. Creditor's bill against the shareholder of a corporation for unpaid stock.

I.   Plaintiff avers a judgment in her favor against the corporation, recovered January 30, 1890, and execution thereon wholly unsatisfied.   Defendant's answer does not deny the fact.

II.   Plaintiff avers the legal existence of the corporation. Defendant admits the organization of the corporation, but not its legality.   Neither does he deny it.

III.   Plaintiff avers that defendant took one hundred shares of stock June 4, 1887, and has not paid for the same, " either in cash or in any other matter or thing at a *bona fide* or fair valuation thereof, or made payment in any manner required by law." He does not aver what the par value of the shares was to be. Defendant denies the taking or ownership of the same.

IV.   Plaintiff avers that the cause of action in her said judgment accrued while the defendant was the owner of said stock, and that her action was commenced during such ownership or within one year thereafter.   Defendant denies all this.

The first issue of fact is whether defendant subscribed, within the meaning of R. S., c. 46, § 47, for one hundred shares of stock in the corporation.   It appears from the receipt for the same, dated June 4, 1887, admitted to have been signed by defendant, in the form " J. E. Parsons by C. C. Burrill," that he did take the same, and that Parsons neither authorized nor knew of the transaction.   It was defendant's own transaction, although the shares were issued in the name of Parsons.   He, not having authority from Parsons to take the shares for him, must be considered as the real taker and owner of them.   An actual taking of shares is equivalent to a subscription for an agreement to take.   Either comes within the meaning of the statute.   *McAvity* v. *Lincoln P. & P. Co.*, 82 Maine, 504.

The receipt of defendant places the shares at three dollars and fifty cents each.   He does not pretend that he ever paid that amount for them, or that it ever has been paid by anybody. He, therefore, became liable for par value of the same to the corporation as assets, and by force of the statute to its judgment creditors.   The amount of his liability is five hundred dollars with interest from the filing of the bill.   He fails to show any debt of his own against the corporation that may be applied to the payment for his stock.

The second issue of fact is, whether plaintiff's debt was contracted during defendant's ownership of the stock, and whether suit was brought meantime or within one year after its transfer on the books of the corporation. No transfer of the shares appears to have been made, and his ownership of the same may be presumed to continue. *Grindle* v. *Stone*, 78 Maine, 176. The debt arose from a mortgage given by plaintiff September 7, 1885, to a bank, that the corporation, on purchase of the land from the plaintiff, June 14, 1887, assumed and agreed to pay, as a part of the purchase money. There is much force in the suggestion that it is secured by the mortgage and therefore is a mortgage debt of the corporation; but that is *res judicata.* Such debt is held not to be a mortgage debt of the corporation. *Barron* v. *Paine*, 83 Maine, 312.

One of the plaintiffs died after this bill was filed and before the trial below. As to him the bill abated, and is prosecuted by the survivor, the sole party interested in the judgment sought to be enforced.

*Bill sustained with costs.*