TALCOTT H. RUSSELL, RECEIVER, *vs.* JOHN F. EASTERBROOK.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In a suit by the receiver of a corporation against a stockholder of record, to recover an unpaid assessment upon his stock, it is no defense that a third person who had agreed with the stockholder to take his shares, had wrongfully refused to accept the stock and declined to allow the same to be transferred to him. Until the transfer is actually made, the legal title, and the legal rights and liabilities of the stockholder of record, remain unchanged.

The secretary or recording agent of a corporation may properly decline to permit a transfer of its stock upon the company's books to a person who refuses to consent thereto.

An answer is a statement of defense. It is not its office to demand affirmative relief, unless upon a counterclaim; nor can it properly be made to take the place of a motion to cite in new parties. So

far as used for such purposes it may be disregarded by the trial
court.

Argued June 8th—decided July 26th, 1898.

ACTION by a receiver to recover the balance due upon cer-
tain shares of the capital stock of an insolvent corporation,
brought to the Superior Court in New Haven County and
reserved* by that court, *Elmer, J.,* upon the plaintiff's de-
murrer to a defense set up in the answer, for the advice of
this court. *Judgment sustaining demurrer advised.*

The answer, after admitting that the defendant was a
shareholder of record, that the shares had not been fully paid
in, and that he had due notice of the call, and alleging want
of information sufficient to form a belief as to certain other
averments in the complaint, stated the following defense:—

He was a mechanical and electrical engineer by profession,
and in May, 1897, agreed with Edward H. Phipps, then the
owner of five sixths of all the stock of the Connecticut Pipe
Manufacturing Company, and its president and general man-
ager, that he, the defendant, should enter the employ of said
company at a salary at the rate of $1,200 per annum and all
traveling and other expenses incurred by him in the course of
his employment; that Phipps would assign to the defendant
150 shares of the capital stock of said company, and at the next
meeting of stockholders have the defendant elected a director,
in order that the defendant might have a voice in the man-
agement of the affairs of the company, and be kept advised
as to its business matters; that said stock should remain the
property of said Phipps, unless at the expiration of one
year the defendant and said Phipps should agree that the
defendant should thereafter continue in the employment
of the company, in which event said stock was to become the
property of the defendant, and not otherwise; that during

---

* No reservation appeared in the record, but only an agreement by
the parties that the case should be reserved. During the argument this
omission was called to the attention of counsel, but upon their state-
ment that the Superior Court had in fact reserved the case, the argument
was allowed to proceed, upon the understanding that the reservation
would be filed and made part of the record.—REPORTER.

said year said stock should not be sold or disposed of by the defendant to any other person than said Phipps; that during said period of one year the defendant might at any time discontinue his service with said company, and return said stock to said Phipps; that at any time during said period of one year said company might discharge the defendant from its employment, and thereupon said stock should be retransferred to said Phipps; that at the expiration of said year the defendant might decline to continue further in the service of said company, or said company might decline the further service of the defendant in its employ, in either of which events said stock was to be retransferred to said Phipps; and that if at the expiration of said year the defendant and said company should mutually agree that the defendant should continue longer in its employ, then said stock was to become the property of the defendant, and not otherwise. In pursuance of said agreement, said Phipps transferred to the defendant 150 shares of the capital stock of said company, and the defendant entered into its employment.

Phipps did not procure the election of the defendant as a director at the next meeting of the company, nor ever. On December 24th, 1897, the defendant exercised his option of terminating his employment with said company, and resigned from said employment, and gave notice in writing to said Phipps, the president of said company, and to said company, that he exercised his said option and withdrew from the employment of said company; and on the same day by a transfer duly executed by him, reassigned to said Phipps said 150 shares of the capital stock of said company, and then delivered to the secretary of said company said written reassignment of said shares of stock, and requested said secretary to transfer said shares of stock to said Phipps. Said secretary, acting under the direction of said Edward H. Phipps and D. Goffe Phipps, a director, refused to transfer said shares of stock from the defendant to the said Edward H. Phipps on the books of said company; or if said transfer was made, he subsequently canceled it. The certificate of said shares of stock, together with the transfer of the same by the defendant to

the said Edward H. Phipps, was retained by the secretary of said company, or the said Edward H. Phipps or D. Goffe Phipps, or by the plaintiff, until the 29th day of March, 1898, when the said certificate and assignment were forwarded to the defendant by mail.

The answer concluded as follows: "23. The defendant says that said Edward H. Phipps ought to be made a co-defendant in this suit.

"The defendant demands judgment: 1. That the plaintiff transfer said shares of stock on the books of said company from the name of the defendant to the name of said Edward H. Phipps. 2. That the plaintiff and said Edward H. Phipps be enjoined from in any manner attempting to enforce the collection of any unpaid balance on said stock from the defendant."

*Talcott H. Russell*, for the plaintiff.

The arrangement disclosed by the record was nothing more than an agreement that one party should have the legal title to the stock and the rights connected therewith, while the title in equity should belong to another party. This constitutes no defense to an action for assessments on the stock. *Mann* v. *Cooke*, 20 Conn. 189; *Crandall* v. *Lincoln*, 52 id. 74; 3 Thomp. Corp. §§ 3193, 3194, 3213, 3222, 3283; Thomp. Stockholders, §§ 124, 126, 177–183, 210, 228, 234; *Marlborough Co.* v. *Smith*, 2 Conn. 580; *Betts's Appeal*, 115 Pa. St. 88; *Borland* v. *Haven*, 37 Fed. Rep. 394; *Irons* v. *Manufacturer's Bank*, 27 id. 592; Cook, Stockholders, § 262. A private arrangement between the parties will not be admitted to vary the terms of a stock subscription as expressed in the certificate. *Winslow & Co.* v. *Blake*, 15 Iowa, 387. The original agreement between the defendant and Phipps, that Phipps would accept a transfer under certain conditions, did not affect the rights of the company, of the receiver, nor of its creditors, the capital stock being a trust fund for their benefit. *Davis* v. *Essex Baptist Society*, 44 Conn. 585; *State* v. *White*, 42 id. 426, 565; *National Cash Register Co.* v. *Woodbury*, 70 Conn. 321; *In re Wilcox & Howe Co.*, ibid, 220.

*Hobart L. Hotchkiss,* for the defendant.

The plaintiff, as receiver, is bound by the knowledge which the corporation and its officers had of the transactions between Phipps and the defendant, and can have no greater rights against either of them than the corporation would have had had the directors called for the payment of the unpaid instalments due on the stock. *Greene* v. *Sprague Mfg. Co.,* 52 Conn. 361; *In re Wilcox & Howe Co.,* 70 id. 231. As a general rule the receiver gets only such title as the defendant or judgment debtor has to the estate of which he takes possession. Beach, Rec. (Alderson's ed.) § 218; *Crine* v. *Davis,* 68 Ga. 138; *In re North Am. Gutta Percha Co.,* 17 How. Pr. 549. No third person loses any of his rights by the appointment of a receiver, but the rights of such third persons will be protected by the court. Beach, Rec. § 8; *People* v. *City Bank,* 96 N. Y. 32; *McLeod* v. *Evans,* 66 Wis. 401; *Van Roun* v. *Superior Court,* 58 Cal. 358. The equitable rights of parties as they exist when a receiver is appointed will be protected. *Kimball* v. *Gafford,* 87 Ia. 65. So the appointment of a receiver will not avoid contracts with secured creditors. *Risk* v. *Kansas, T. & B. Co.,* 58 Fed. Rep. 45. The tender by the defendant of all that was necessary for him to do to place this stock back in the name of Edward H. Phipps, completed his cancellation of the contract, as a matter of law, as fully as if the stock had been accepted by Phipps and duly transferred. The delivery to the secretary of the corporation by the defendant of the certificate, with a transfer to Phipps, released him from any further liability on the stock. *Young* v. *McKay,* 50 Fed. Rep. 394; *Snyder* **v.** *Foster,* 73 id. 136; *Hayes* v. *Shoemaker,* 39 id. 319; *Glenn* v. *Garth,* 133 N. Y. 18; *Weinman* v. *Wilkinsburg, etc., R. Co.,* 12 Atl. Rep. 288; 1 Cook, Stockholders, § 258, notes. Where, through the negligence or fault of the corporation, no transfer on the books is made, the transferrer is released, and the transferee only is liable on the stock. *Isham* **v.** *Buckingham,* 49 N. Y. 216; *Cutting* v. *Dameral,* 88 id. 410; *Chambersberg Ins. Co.* **v.** *Smith,* 11 Pa. St. 120; *Murry* v. *Bush,* L. R. 6 H. L. 37; *Upham* v. *Burnham,* 3

Bliss, 431. Notice to the secretary and to Edward H. Phipps, who was the president, was notice to the company. *Farmers', etc., Bank* v. *Payne*, 25 Conn. 449; *N. Y., etc., R. Co.* v. *N. Y., etc., R. Co.*, 52 id. 280; *Brown & Bros.* v. *Brown*, 58 id. 98.

BALDWIN, J. The answer concludes with a statement that Edward H. Phipps ought to be made a co-defendant, and a demand that the plaintiff transfer to him the shares standing in the name of the defendant. An answer is a statement of defense. It is not its office to demand affirmative relief, unless upon a counterclaim; nor can it properly be made to take the place of a motion to cite in new parties. The defendant's claim, therefore, that Phipps should be brought in, and a judgment rendered affecting his interests, was not put before the court in such a way as to call for any decision upon it.

The gist of the defense set up is that the shares standing in the name of the defendant are really the property of Phipps, and would have been transferred to him upon the books of the company, before it went into the hands of the receiver, had its secretary done his duty; but that although the latter received from the defendant his stock certificate, with a power of attorney for such a transfer, he refused to make it, acting under the direction of Phipps, who was the president of the company, and of another of its directors.

Phipps had agreed some months before, on a sufficient consideration, that such a transfer to him might be made. The company, however, was no party to that agreement. If Phipps afterwards broke it, the defendant had his remedy against him; but this could not affect his legal relation to the company as one of its registered shareholders. The obligations which that created could only be discharged by a novation, accomplished through the substitution of another in his place, occupying the same relation; and that required the consent of the party to be substituted. Phipps having refused his consent, there could be no substitution, and the secretary properly refused to make the transfer requested. One man

cannot thus be forced to take the place of another as a shareholder in a corporation, against his will. As well could it be claimed that an undelivered deed of land transferred the title, because it was tendered to the grantee under a contract of purchase between him and the grantor, and delivery was only prevented by his wrongful refusal to carry out the bargain.

It is a matter of great public importance that the stockbooks of business corporations should at all times show who are their shareholders. Each one of these is a participant in a franchise granted by the State. He must be either one of the original grantees, or among their associates or successors. The mode of succession is particularly prescribed by law. When not otherwise provided by the charter, stock can be transferred only on the books of the corporation. General Statutes, § 1923. Whatever equitable rights may be derived from a sale of shares, accompanied by a delivery of the stock certificate with a power of attorney for their transfer, until that transfer is actually made, the legal title, and legal rights and liabilities of the stockholder of record, remain unchanged. *Marlborough Mfg. Co.* v. *Smith*, 2 Conn. 579; *State* v. *Ferris*, 42 id. 560. The defendant, upon accepting from Phipps a transfer of the shares in question, became bound to pay the Connecticut Pipe Manufacturing Company, when properly required by its directors, whatever remained unpaid upon them under the terms of Phipps's subscription. The company, could have enforced this obligation, had its directors made a call, even if it had notice that Phipps was the equitable owner of the stock, as between him and the defendant. With their mutual contracts and equities it had no concern. The same right passed to its receiver.

The defendant claims the benefit of the exception to the general rule that those and those only are stockholders who appear as such upon the stock-books of the corporation, which has sometimes been recognized in cases where the parties have done everything to entitle them to a transfer, but the recording officer has wrongfully refused to make or permit the entry. *Whitney* v. *Butler*, 118 U. S. 655. Under such circumstances, the corporation ought not to profit by its own

violation of legal duty. But, here, the stock had never been delivered as between the parties, and the secretary (even were it to be assumed that the company knew all that its president and general manager knew), was in no fault, in declining to permit a transfer upon its books to one who had notified him that he refused to consent to it.

The Superior Court is advised that so much of the answer as is demurred to is insufficient.

In this opinion the other judges concurred.