## DUNN et al. v. HOWE.

(Circuit Court of Appeals, First Circuit. April 12, 1901.)

No. 333.

CORPORATE DEBTS—LIABILITY OF STOCKHOLDERS—ACTION TO ENFORCE—EVIDENCE—QUESTION FOR JURY.

In an action against the record holder of stock to enforce, under the Maine statute, the liability to corporate creditors for the amount unpaid thereon, it appeared that defendant gave a receipt for the stock in question, and thereafter signed a proxy, reciting that he was a stockholder. *Held* sufficient evidence to entitle plaintiff to go to the jury, under proper instructions, on the question whether defendant dealt with the corporation, and obtained and held the stock, so as to make him liable as a stockholder, within the meaning of the statute, notwithstanding the real or equitable owner of the stock was liable.[1]

In Error to the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 96 Fed. 160.

William P. Foster (Patrick H. Gillin, on the brief), for plaintiffs in error.

Charles B. Southard (Torrance Parker, on the brief), for defendant in error.

[1] Stockholders' liability to creditors, see notes to Rickerson Roller-Mill Co. v. Tarrell Foundry & Machine Co., 23 C. C. A. 315; Scott v. Latimer, 33 C. C. A. 23.

Before COLT, Circuit Judge, and WEBB and ALDRICH, District Judges.

PER CURIAM. This is a suit by assignees in the interest of creditors against Lemuel R. Howe, who, it is claimed, was a stockholder in a Maine corporation, and who, it is admitted, had not paid in the full amount of his stock. One important question below was whether the defendant was a stockholder, within the meaning of the statute, and liable for its debts. Under the evidence, as shown by the record, we think it was a question for the jury, under instruction, whether Howe was a stockholder under such circumstances as to make him liable under the statute. This court decided, in effect, in Houghton v. Hubbell, 33 C. C. A. 574, 91 Fed. 453, although the stock, without explanation, stood upon the books of the corporation in the name of one who was, in fact, not the owner, that the real owner was liable; the creditors having elected to proceed against him. That decision, however, as we understand it, is not inconsistent with the idea that the record stockholder may also be liable under such circumstances as make him a stockholder within the meaning of a given statute. The record liability of the stockholder is statutory and for the security of creditors, yet a creditor may waive such statutory liability, and proceed against the real owner under the statute and on general principles; but it does not necessarily follow, because the real or equitable owner is liable, that the record stockholder is not liable. Of course, there are many expressions in the books, as in Stanley v. Stanley, 26 Me. 191, to the effect that the record is conclusive as to who are stockholders, but such expressions are subject to qualification and limitation, as suggested in Mudgett v. Horrell, 33 Cal. 25, Ellis v. Marshall, 2 Mass. 269, and Insurance Co. v. Hobart, 2 Gray, 543; for one who never accepts, but refuses to accept, stock in a corporation is not a stockholder, even though the secretary enters his name in the books as such.

The learned judge at the trial term seems to have taken the case from the jury upon the idea that, as Hosford was liable, the defendant, the stockholder of record, was not liable. We think this error, for the reason that two persons may be liable for the same stock, the record holder under the statute, and the real owner under the statute and upon common-law principles,—in one case upon statutory grounds, while not an actual stockholder, because he allows himself to be held out to the world as such; and in the other case on statutory grounds, because he is the actual stockholder. The Burrill Case, to which reference was made (86 Me. 72, 29 Atl. 938), is not like the case at bar; for there it appeared that Parsons, the stockholder of record, had no knowledge of the issue of the shares, and never saw the certificates, and that the certificates had been taken by Burrill in Parsons' name without his knowledge or authority; while in the present case the stock not only stood upon the corporation books in the name of the defendant, under the circumstances disclosed by the record, but the defendant gave a receipt for the stock, and subsequently signed a proxy, where he recites that "I, the undersigned stockholder in the Bangor Pulp & Paper Company, do appoint," etc., "for me and in my name to vote," etc., "with

all the powers I should possess if personally present," etc. When on the stand the defendant testified, "I have a faint recollection of a certificate being handed to me;" and when handed plaintiffs' Exhibit 3, and asked if it was his signature, Mr. Howe said, "That is a proxy, and is my signature." Under such circumstances, we think there was evidence which entitled the plaintiffs to go to the jury, under proper instructions, upon the question whether Howe dealt with the corporation and obtained and held the stock under such circumstances as to make him a stockholder of the corporation, within the meaning of the statute of Maine in question; and as this right was denied the plaintiffs, and the exceptions raise the question, the verdict must be set aside. The judgment of the circuit court is reversed, the verdict is set aside, the case is remanded to that court for further proceedings, and the plaintiffs in error recover their costs in this court.