# The Cumberland Lumber Company

## *v.*

# The Clinton Hill Lumber and Manufacturing Company.

[Filed February 13th, 1903.]

1. As a defence to an application by a receiver for an order authorizing an assessment on stockholders for unpaid subscriptions, the stockholders cannot set up the fact that the company never became a corporation *de jure*, or that the company never became a corporation *de facto*, or that the agreement to incorporate was abandoned and the subscriptions were canceled by the subscribers.

2. Where insolvency proceedings have been instituted against a company and a receiver appointed, the final ascertainment in such proceedings of the amount of debts owing by the company must be taken as final, and cannot be questioned in proceedings by the receiver for an order to authorize an assessment on stockholders or persons claimed to be such.

3. When a receiver of an insolvent company shows, in proceedings for an order authorizing an assessment against delinquent subscribers to stock, a case which entitles him to test by suit the *status* of persons supposed to be stockholders, but who allege that they are not, the court should direct the assessment, and leave the liability of the individual subscribers to be tested by suit, if necessary.

4. Where the receiver of an insolvent company has no assets for the prosecution of a disputed claim, and the stockholders of the company have not asserted the validity of the claim and indemnified him against the expenses of a suit, he cannot be required to bring suit thereon before the court will be authorized to order an assessment on the stockholders.

On application of receiver for assessment of stockholders for subscriptions.

*Mr. James E. Howell,* for the receiver.

*Mr. Frank E. Bradner, contra.*

EMERY, V. C.

In this case I will advise an order authorizing the receiver to call upon the respondents as stockholders for such an amount of their subscriptions, not exceeding sixty per cent. of the subscriptions made by the individual respondents and William S. Ketcham, Sr., as may be necessary to pay the debts against the company allowed by the receiver, including the costs and expenses of administration. If these amounts are not agreed upon I will settle them. The receiver will also be authorized to enforce payment of the unpaid subscriptions to this amount, by suit, if necessary, against each of the respondents claimed to be stockholders. The order will be made without prejudice to the rights of any of the respondents to any defence they may have to any action, legal or equitable, which might be brought against them for such alleged stock subscription.

The principal defences set up to the application are—*first,* that the company never became a corporation *de jure,* and the corporators never became liable on their subscriptions; *second,* that it never became a corporation *de facto; third,* that the agreement to incorporate was abandoned and the subscriptions were canceled by the subscribers; *fourth,* the statute of limitations; *fifth,* that the claim against the estate of William S. Ketcham is barred by a decree of the orphans court. All of these defences are, in my judgment, defences which must be set up and considered in an action to recover the subscription, and not on this application. In *Dorris, Receiver,* v. *Sweeney, 60 N. Y. 463 (1875),* cited by respondents' counsel, the defence of no corporation was sustained in an action by the receiver to recover the subscription.

The whole of this court's authority on an application of this character, as I understand it, extends, *first,* to the ascertainment of the amount of the debts which are valid as against the company itself; *second,* the ascertainment of the stockholders of the company who have not fully paid their subscriptions or for their stock, and *third,* the amount of the call for unpaid subscriptions or stock necessary to pay the debts, taking into account the assets of the company in the receiver's hands and the solvency or insolvency of the stockholders liable, or claimed to be liable.. As to the *first,* the final ascertainment of the amount of debts in the insolvency proceedings itself must be taken as final against the company, and for the purpose of this proceeding, as against the stockholders or persons claimed to be such. As to the *second* point, if the *status* of the respondents as stockholders is disputed, and the receiver shows on his part a case which entitles him to test this question by suit, the court should direct the assessment, leaving the defences of any stockholder or alleged stockholder to be settled by suit, if necessary. The receiver does show such a case here, and therefore should be allowed to test the liability of the respondents as stockholders by regular proceedings. The present proceeding is, in my judgment, neither intended for, nor adapted to, the settlement of the above defences of the different stockholders or persons claimed to be stockholders, set up in this proceeding against a recovery for unpaid subscriptions for stock. This is purely a judicial proceeding of an administrative character, intended to give to the receiver the same *status* which the company itself had, or might reasonably be claimed to have, to make a call for the payment of its debts against its stockholders or persons claimed to be such. In relation to the calls upon stockholders for the payment of debts, the receiver succeeds to the rights of the company. *Falk* v. *Whitman Cigar Co., 10 Dick. Ch. Rep. 396 (Vice-Chancellor Stevens, 1897).* It is objected that by the provisions of the twenty-seventh section of the Corporation act the assessment by directors could only be made by the consent of two-thirds of the stockholders, but this express provision authorizing the directors, at their discretion, to make the call for

any purpose, does not touch the power or the duty of the directors to make a call, when necessary, for the payment of the debts, and in case of insolvency, the court of equity will execute this trust upon which the capital stock is held, by directing the assessment. *3 Thomp. Corp.* ¶¶ *3386, 3537.*

In reference to the *third* question to be settled on this proceeding, viz., the amount of the assessment, it is insisted that the receiver has a right of action or claim against the estate of William S. Ketcham for the subsequent conversion to his own use of the goods and chattels, which, as the receiver claims, were conveyed to the company in payment of forty per cent. of the subscriptions of Ketcham and his two sons to the capital stock, and that he should exhaust this right of action before an assessment is made. There is, in my judgment, no substantial basis for this contention. The claim is disputed, the receiver has no assets for its prosecution, and could not be required to prosecute in aid of the stockholders, except upon their indemnification against the expenses. *Kalmus* v. *Ballin, 7 Dick. Ch. Rep. 290, 295.* In the absence of such indemnification and of the stockholders' assertion of the validity of the claim, the receiver, for the purpose of the speedy settlement of the estate, as required by the general policy of the Insolvent Corporation law, should be authorized to call for the unpaid subscription, leaving to the stockholders the right, if they desire, to prosecute for their own indemnification hereafter in the receiver's name, if necessary, any claim the company may have against the estate of Ketcham for this conversion of the goods.

The receiver will therefore be directed to make an assessment, and the form of the order will follow the order in *Falk* v. *Whitman Cigar Co., supra.*