## WILLIAM F. FELL,

### *vs.*

## SECURITIES COMPANY OF NORTH AMERICA.

In the matter of the claim against the estate of WILLIAM M. PYLE, deceased, for unpaid subscription to capital stock.

### *New Castle, Feb. 23, 1917.*

The receiver of a corporation could proceed for unpaid subscription to stock against the administrator of the party to whom the original subscriber to the stock transferred it to enable such party to qualify as a director, though it was expressly agreed between the original subscriber and his transferee that the latter should have no beneficial interest in the shares, since, when shares of stock which stand on the books of the company in the name of one person are held as agent for another, either the principal or agent is liable for the unpaid subscription, while it is not inequitable to permit the receiver to proceed against the agent rather than against the principal.

The express assent of officers and directors of a corporation to a director's holding his qualifying shares of stock without beneficial interest as agent for another would not relieve the director of liability on the stock in favor of creditors of the company.

When shares of stock which stand on the books of the company in the name of one person are held as agent for another, either the principal or agent are liable for the unpaid subscription for the shares.

In case it be necessary for a receiver of the company, appointed by the Court of Chancery in voluntary liquidation proceedings, to assess and collect from the shareholders for the benefit of creditors of the company the amount unpaid on the stock, it is not inequitable to permit the receiver to proceed against the agent rather than against the principal, if that course be the best for the creditors.

When one takes shares of stock of a corporation in order to qualify him to be a director of the company, he thereby holds himself out as being the owner thereof in his own right, and cannot escape liability as the record owner of the stock for an assessment made thereon for the benefit of creditors of the company, by showing that he never had a beneficial interest in the stock, but held it as agent for another, to whom he had delivered the certificate for the shares with a transfer thereof endorsed thereon.

STATEMENT OF THE CASE.    The Securities Company of North America having been dissolved by action of the directors and stockholders, and a receiver appointed therefor to wind up its affairs, and the liabilities of the company having been adjudicated and its assets converted into money, the receiver has by its petition represented that it will be necessary to call on the shareholders to pay the whole of the amount of money unpaid on the capital stock up to par value thereof, viz: the fifty per cent. thereof.    Upon the filing of the petition an order was made fixing a time for hearing the petition and directing that notice thereof be sent by registered mail to all of the stockholders of the company, according to a list thereof as shown by the books of the company. · Among the names was that of William M. Pyle, as the holder of three shares, and he being dead, notice was sent to his administrator, and an answer to the petition was filed by the administrator.

By his answer the administrator of Pyle alleged that three shares for which Franklin L. Sheppard had originally subscribed, were by Sheppard's direction transferred on the books of the company to Pyle to qualify him as a director of the company, it being expressly agreed between Pyle and Sheppard that the former should have no beneficial interest in the shares.    In 1905, at the request of Sheppard, the certificate for the shares was assigned by Pyle and sent to Sheppard.    It was further alleged that Pyle was never the real owner of, or

entitled to any beneficial interest in the stock, but was only a nominal owner thereof, as was well known to the officers and directors of the company.

At the hearing on the petition and answer the foregoing allegations were proved, and it was further shown that Sheppard paid calls on the stock standing in Pyle's name, and also signed Pyle's name to the receipt on the stub of the stock certificate book for the three shares issued to Pyle. At the time of the dissolution of the company and the appointment of the receiver, and for a long time before, Pyle remained on the records of the company as the owner of the three shares, and was a director of the company.

The case was argued upon the petition, answer of Pyle's administrator and testimony taken.

*Herbert H. Ward*, for the receiver.

*Christopher L. Ward*, for the administrator of William M. Pyle.

THE CHANCELLOR. The question raised by the answer of the administrator of Pyle respecting the liability of the decedent for the amount unpaid on the stock standing in his name is a new one in this jurisdiction, and though the amount involved is small the question is very important. During the winding up of the affairs of the corporation, which had been voluntarily dissolved, it was found that the assets of the company when converted into money were insufficient to pay its ascertained liabilities, and fifty per cent. of the value of the stock being unpaid, steps were taken to collect the same from the stockholders. This proceeding, authorized by statute, is therefore for the benefit of creditors of the company, and all the shareholders have been brought into court. The characteristics and scope of such a proceeding is well stated in *Cumberland Lumber Co. v. Clinton Hill, etc., Co.*, 64 *N. J. Eq.* 517, 54 *Atl.* 450, thus:

"The whole of this court's authority on an application of this character, as I understand it, extends, first, to the ascertainment of the amount of the debts which are valid as against the company itself; second, the as-

certainment of the stockholders of the company who have not fully paid their subscriptions or for their stock; and, third, the amount of the call for unpaid subscriptions or stock necessary to pay the debts, taking into account the assets of the company in the receiver's hands and the solvency or insolvency of the stockholders liable or claimed to be liable."

For the receiver it was claimed that the record holder of shares was liable, even if he held the shares as agent or dummy for another, whether the agency be disclosed or undisclosed; that the rights of Pyle as against Sheppard based on the agreement between' them cannot or should not be litigated in this proceeding; that as admittedly the shares were transferred to Pyle to· qualify him as a director, and the statutory qualification required each director to own at least three shares "in his own right," it must be assumed that it was intended that Pyle should so hold the shares in question; and further, that the requirements of the statute, the by-laws of the company and the certificate.itself regulating the transfer had not been complied with.

For Pyle's administrator it was urged that Pyle was the agent of Sheppard, and that though both Pyle and Sheppard, as transferor and transferee, or principal and agent, were liable, yet a court of equity seeking to do equity without circuity, should look to Sheppard as the person ultimately liable; that the court should require the receiver to ascertain and in this, or some other proceeding here or elsewhere, place the responsibility where it ultimately and equitably belongs; and that by citing Sheppard into this court by a supplemental petition, or other proceeding here in this cause, the respective rights of Pyle as against Sheppard can be determined.

The points of difference between counsel are not great. Both hold that either Pyle or Sheppard were liable on the stock (1 *Cook on Corporations* [*7th Ed.*] 249); and the agent may have a remedy against the principal for money paid (*Orr v. Bigelow*, 14 N .Y 556). In a direct proceeding by directors against stockholders, as is authorized in some statutes, or in a like direct proceeding by a receiver under statutory authority without a preliminary direction from a court, a choice may be made between the principal and agent, depending on their

places of residence and solvency, and the like. It may be equitable and fair under such circumstances to proceed against the principal, the person ultimately liable, as the court considered in *Houghton v. Hubbell*, 91 *Fed.* 453, 33 *C. C. A.* 574; and to go further a court of equity should, perhaps, other things being equal, direct the receiver of an insolvent corporation to so proceed. But there is ample authority to justify the proceeding against the agent as the record owner, and to leave him and his principal to settle their difficulties in some other tribunal competent to adjudicate the matter. This seems to have been the view of the court in the following cases: *Mann v. Currie*, 2 *Barb.* (N. Y.) 294; *Baines v. Babcock*, 95 *Cal.* 581, 593, 27 *Pac.* 674, 30 *Pac.* 776, 29 *Am. St. Rep.* 158; *McKim v. Glenn, Trustee*, 66 *Md.* 479, 486, 8 *Atl.* 130; *Pauly v. State etc., Co.*, 165 *U. S.* 606, 17 *Sup. Ct.* 465, 41 *L. Ed.* 844; *Dunn v. Howe*, 107 *Fed.* 849, 47 *C. C. A.* 13; *Russell v. Easterbrook*, 71 *Conn.* 50, 55, 40 *Atl.* 905; and *Harper v. Carroll*, 66 *Minn.* 487, 505, 69 *N. W.* 610, 1069.

The proceeding is for the benefit of creditors only, and if, as here, the shortest, surest and least expensive way is to proceed against the record owner who is within the jurisdiction and has come in as a party to the proceeding, that course should be taken, rather than try to bring in the other party who is not in the jurisdiction, who has not been brought into the proceeding and whose solvency is unknown. In addition there are difficulties as to the litigation in this proceeding of the respective rights of transferor and transferee.

The determining factor in the matter, however, is the fact asserted by the administrator of Pyle in his answer, that the shares were assigned to Pyle to qualify him as a director. The requirement of the statute that each director should "own in his own right" shares of stock means something. It is not important to consider the purpose of the statute in view of its explicitness and unambiguous phraseology. At least one of its purposes is that directors on whom the responsibility and duty of management of the corporation are imposed shall have a real interest in the company and its success. *Chemical, etc., Bank v. Colwell*, 132 *N. Y.* 250, 30 *N. E.* 644. No court of this

State should permit the plain words of the statute to be evaded.

In *Bartholomew v. Bentley*, 1 *Ohio St.* 37, 43, the court considered it a fraud on the law to elect a person as director who had no beneficial interest in the company. In *Machen on Corporations*, § 1424, it is said that beneficial ownership of shares is a necessary qualification where the statute requires a director to own stock in his own right. But it is not necessary to express an opinion as to whether Pyle had ever been qualified to hold the office of director.

It is true, however, that one who takes shares in order to qualify him as a director represents himself as owning them in his own right, and he cannot be heard to say for his own advantage that he does not so hold them. In *Harpold v. Stobart*, 46 *Ohio St.* 397, 400, 21 *N. E.* 637, 15 *Am. St. Rep.* 618, the court said that as between creditors of the company and the record holder of shares of stock of the company, the latter was estopped to deny ownership.

In 2 *Machen on Corporations*, § 1416, the learned author says:

"Under some circumstances the director may be held as a subscriber for his qualification shares by estoppel. For instance, if with his knowledge and without objection his name is entered on the register of shareholders in respect of such shares, so that the public may be misled, he might be held to be estopped to deny the truth of this representation, and therefore to be a subscriber by estoppel."

The case of *Finn v. Brown*, 142 *U. S.* 56, 12 *Sup. Ct.* 136, 35 *L. Ed.* 936, is an authority in favor of an estoppel under such circumstances. In the case cited Finn, who had been a director and cashier of a bank which failed, sought to avoid liability as the apparent holder of shares of the bank standing in his name on the books by denying knowledge of the transfer thereof to him and of the showing on the books of the bank. The court in view of the United States statutes requiring a director to own shares of the bank in his own right, and imposing on the cashier duties respecting the stock book, decided that the defendant was presumed to know that the stock was

in his name and estopped to deny his ownership thereof when sued by a receiver of the bank for the double liability of stockholders for the benefit of creditors. This principle applies to Pyle, who knowing the transfer of shares to him to qualify him as director is as to creditors of the company estopped to deny that he owned the shares in his own right.

The provisions of the Delaware statute as to qualification shares was considered in the case of *Lippman v. Kehoe Stenograph Co.,* a recent one in this court, *ante p.* 190, affirmed by the Supreme Court on appeal, *post p.* 412 (98 *Atl.* 943, 946). It was there held by me that the assignment in blank by a director of his shares and the delivery to another of the certificate so assigned does not of itself disqualify the assignor as a director of a Delaware corporation, no transfer having in fact been made on the books, and there being no intention by the transferor or transferee to terminate the interest of the transferror. There is nothing inconsistent between this holding and that in the case under consideration.

Therefore, in a proceeding for the benefit of creditors of the company to enforce the liability of stockholders for the shares not paid for, a director cannot, in order to escape liability as the record holder of shares, be allowed to shift the liability onto another by denying his ownership of the shares in his own right and assert that he holds them as agent for that other person. Whether or not it be strictly estoppel, it is in the nature thereof, and the courts of this State should in this way give effect to the statutory requirement and not make it a dead letter.

The knowledge of the officers and directors of the company of the character of Pyle's holding of stock is unimportant. Their express assent thereto would not relieve Pyle of liability on the stock in favor of creditors of the company.

The following principles applicable to the facts raised by the petition of the receiver and the answer thereto of the administrator of Pyle are in my opinion sound:

When shares of stock which stand on the books of the company in the name of one person are held as agent for another, either the principal or agent are liable for the unpaid

subscription for the shares.

In case it be necessary for a receiver of the company appointed by the Court of Chancery in voluntary liquidation proceedings, to assess and collect from the shareholders for the benefit of creditors of the company the amount paid on the stock, it is not inequitable to permit the receiver to proceed against the agent rather than against the principal, if that course be the best for the creditors.

When one takes shares of stock of a corporation in order to qualify him to be a director of the company, he thereby holds himself out as being the owner thereof in his own right, and cannot escape liability as the record owner of the stock for an assessment made thereon for the benefit of creditors of the company, by showing that he never had a beneficial interest in the stock, but held it as the agent for another, to whom he had delivered the certificate for the shares with a transfer thereof endorsed thereon

Applying these principles, my conclusion then is, that the receiver should be permitted to proceed against the estate of Pyle as a stockholder of the company to collect the amount unpaid on the shares held by him.

Let a decree be entered accordingly.