WEIR et al. v. BAY STATE GAS CO. OF DELAWARE et al.

(Circuit Court, D. Delaware. November 9, 1898.)

No. 200.

1. CORPORATIONS—SUITS BY STOCKHOLDERS—NECESSITY OF DEMAND ON CORPORATION.

It is not requisite that demand on a corporation or its officers to bring suit should be shown to entitle stockholders to maintain the suit, where it is manifest from the allegations of the bill that such demand would have been unavailing, as where the ground for the relief sought is the alleged misconduct of such officers in the management of the corporation.

2. EQUITY—PLEADING—MULTIFARIOUSNESS.

The joinder of several grounds of complaint and of several prayers for relief in a single bill is not in all cases inadmissible, and the question is one which calls for the exercise of the discretion of the court in each case where it arises, regard being had to the convenience and substantial rights of the parties. Where the several matters alleged relate to the same general subject of litigation, and may without injustice or inconvenience be disposed of in a single suit, their separation into independent suits is not required.

3. CORPORATIONS—SUITS BY STOCKHOLDERS—RIGHT TO DISCLOSURE BY OFFICERS.

In suit by stockholders against the corporation and its officers, allegations of fraud against the defendant officers need not be as specific as would be necessary if they were strangers to the complainants, to require that defendants shall answer and make disclosure as to their management of the corporation, which it is alleged they have refused to do on demand, as complainants are entitled to such disclosure as a matter of right, growing out of the relations of the parties. Nor will their right, if it exists, to compel the production of the books and papers of the corporation by mandamus, afford an adequate remedy, which will preclude them from seeking the fuller information and relief afforded in equity.

This is a suit in equity by James B. Weir and James B. Weir, Jr., as stockholders, against the Bay State Gas Company of Delaware, John Edward Addicks, John Bateman, J. Frank Allee, Newall Ball, and Caleb R. Layton. On demurrer to bill.

Anthony Higgins and John G. Johnson, for complainants.

George Gray and H. H. Ward, for defendants.

DALLAS, Circuit Judge. This is a suit by two shareholders in a corporation, against the corporation itself and its president and such of its directors as are known to the complainants. Rule 94 has been complied with. The object of that rule is to prevent suits of this character from being collusively brought to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. It introduced no new principle. It had long been settled that to enable a stockholder in a corporation to maintain a suit in equity in his own name, in which, ordinarily, the corporation itself should be complainant, it must appear that proper effort had been made to procure redress or action by the corporation or its managing body. But no such effort need be made where it is manifest that it would be fruitless, as, in the case made by this bill, it obviously would have been. Hawes v. Oakland, 104 U. S. 460.

The bill is not multifarious. It does not improperly include dis-

tinct and independent matters. The joinder of several grounds of complaint and of several prayers for relief in a single bill is not in all cases and under all circumstances inadmissible. Such joinder is frequently desirable and sometimes necessary. The question in each instance where it arises calls for the exercise of the discretion of the court, regard being had to considerations of convenience and the substantial rights of the parties. The distribution among independent suits of the particulars of one general subject of litigation would not be salutary, and is not required. In this case the several matters covered by the bill are homogeneous, and may, without injustice or inconvenience, be disposed of in a single suit. Jaros Hygienic Underwear Co. v. Fleece Hygienic Underwear Co., 60 Fed. 622.

Aside from the points which have been referred to, the question before the court in the present state of the record is whether the defendants should be required to answer. It might be conceded, if the sole ground of equitable jurisdiction set up was that of fraud, and of fraud alleged to have been perpetrated by mere strangers to the complainants, that it would—certainly with respect to some of those allegations, and possibly as to all of them—be defective for lack of definiteness in specifying the fraudulent acts complained of. But the defendants are not mere strangers, and the case presented is not simply one of fraud. The complainants are members of the Bay State Gas Company of Delaware, and the defendants, other than that company, are officers thereof. The latter are trustees for the corporation and for its stockholders. They are accounting parties. To require them to account is but to compel them to give information concerning the management and affairs of the corporation, which it is their duty to possess, and which the complainants are entitled to have. According to the bill, this information has been repeatedly sought, but has always been refused or the demand therefor evaded; and a court of equity, whose interposition has, in consequence, been invoked, would be deplorably impotent if it were true that persistence in such refusal must be tolerated by it, merely because the facts respecting which disclosure has been denied cannot without it be absolutely stated. Fourgeray v. Cord, 50 N. J. Eq. 185, 24 Atl. 499; Richardson v. Hasting, 11 Beav. 25; Adley v. Whitstable Co., 17 Ves. 323. What is here demanded is a right, not a method. The equity of the complainants does not arise from or depend upon their demand for discovery, and need not be rested upon that ground. It is not the requirement of discovery which confers the right to an account, but the right to an account which involves the incident of discovery.

The defendants cannot be relieved from answering this bill, because, as was urged upon the argument, the complainants might have proceeded by mandamus to compel the production of the books and papers of the corporation. If they might have done so, which I do not decide (Aylesworth v. Gratiot Co., 43 Fed. 352), still the remedy attainable in such a proceeding would not have been complete or adequate. Stockholders are entitled to have, not only such information of its business as may be derived from the records of the company, but all that its managers can supply. The bill asks for this, and

the complainants cannot be compelled to content themselves with less.

I am of opinion that the defendants should be required to answer this bill, and therefore, without prejudice to any other matter or question in the cause, the demurrer of the defendants is overruled, with leave to answer within 30 days.