SIMMONS *v.* TAYLOR.

(*Jackson.* April 20, 1901.)

1. APPEAL. *Lies from decree on demurrer to bill, when.*

An appeal lies, in the Chancellor's discretion, by either or both parties, from a decree sustaining some and overruling other grounds of demurrer going to the entire bill; although the same decree disposes of other grounds that go to parts only of the bill. (*Post, pp. 735–737.*)

2. RECEIVER. *Power of to prosecute suits.*

The receiver of an insolvent corporation cannot by virtue merely of the order appointing him and directing him, in the usual form, "to institute all necessary or proper steps in equity or at law in assertion of the rights vested in him as receiver," bring and maintain suits for the recovery of the extraordinary or conditional assets of the company, such as unpaid stock subscriptions, and damages for negligence, malfeasance, and mismanagement of the corporate affairs by the corporate officers, but for this purpose he must obtain and aver the special order and direction of the Court appointing him. (*Post, pp. 737–740.*)

Case cited: Conley *v.* Deere, 11 Lea, 274.

3. SAME. *Same.*

The receiver of an insolvent corporation cannot maintain suit upon the statutory liability of directors who have assented to the creation of debts in excess of the capital stock of the company. This liability is not an asset of the corporation, but inures directly and exclusively to the benefit of the particular creditors thereby affected. (*Post, pp. 737–740.*)

Cases cited: Tradesman's Pub. Co. *v.* Car Wheel Co., 95 Tenn., 634; Moulton *v.* Connell-Hall Co., 93 Tenn., 377.

4. SAME. *Must aver authority to sue.*

A receiver must aver proper and sufficient authority from the Court appointing him to bring his suit, or the same will be dismissed on demurrer. (*Post, pp. 737–740.*)

Case cited: Conley *v.* Deere, 11 Lea, 274.

Simmons *v.* Taylor.

5. SUPREME COURT. *Papers are not parts of record, when.*

   Papers attached to the transcript of the record of a chancery
   cause do not constitute part of the record unless they are
   therein referred to and identified as such. (*Post, pp. 738, 739.*)

   Case cited: Russell *v.* Bank, 104 Tenn., 618.

---

.FROM SHELBY.

---

Appeal from Chancery Court of Shelby County.
F. H. HEISKELL, Ch.

PERKINS & WATSON for Simmons.

SMITH & TREZEVANT and T. K. RIDDICK for
Taylor.

WILKES, J. This is a bill by the receiver of
an insolvent domestic manufacturing corporation to
enforce certain stock subscription liabilities and to
recover from the officers and directors for negli-
gence, malfeasance and mismanagemet of the cor-
porate affairs, and for allowing debts to be in-
curred by the corporation beyond the amount of
capital stock paid in.

The original bill was filed March 12th, 1896,
against Taylor, Wellford and Ward, and alleged
generally the chartering and inception of the cor-
poration in 1887, and the election of officers un-
der the corporate name of the Wellford Manufac-
turing Company; that in 1890 a new charter was
obtained under the corporate name of the Mem-

phis Barrel and Heading Company, and that it organized on January 22d, 1891, by the election of officers. The capital stock was fixed at $100,-000, and of this $25,000 was issued to the Wellford Manufacturing Company in payment of its plant, and $12,500 to John F. Wheless and Matt F. Allen for a patent right to be used in the business. No other amounts were paid in and no other stock appears to have been issued.

It is charged that the patent right did not exceed $500 in value; that the plant and property of the Wellford Manufacturing Company did not exceed $4,000 in value; that Allen and Wheless transferred their stock to Taylor, Ward, Williamson and Wellford, and it is charged that they are in equity liable to pay the amount of this subscription of stock, inasmuch as the alleged payment was inadequate and the parties all knew the fact and were liable for the difference between the stock subscribed and the actual value received by the company.

The bill further averred that complainant was receiver of the Memphis Barrel and Heading Company, by appointment of the same Court, in a cause filed in that Court against A. K. Ward to wind up the corporation, and a copy of the decree of appointment and authority vested in him as receiver is made exhibit A to the bill and prayed to be made part thereof, but not to be copied.

The bill further alleges that subsequently an order was entered in that cause empowering, authorizing and directing complainant, as receiver, to institute all necessary or proper steps in equity or at law in assertion of the rights vested in him as receiver, and this order is referred to as exhibit B, and prayed to be made part of the bill.

There are papers, which in the main answer the description of these exhibits, attached to the record after the final decree and prayer and granting of appeal, but they are not made part of the record nor identified as exhibits A and B by any marks or references.

A copy of a petition and an order thereon, filed in the case of the *Memphis Barrel and Heading Company* v. *Ward,* the same case in which complainant was appointed receiver, and in which the order above mentioned was entered, is also attached at the close of the present transcript, from which it appears that the property of the corporation had been levied upon under execution against Ward, and authority was given to replevy the same and to institute actions at law and suits in equity on all such necessary and proper occasions and under such circumstances as aforesaid, also another copy of a different petition and order thereon is likewise attached to the transcript in the same manner, reciting that the Supreme Court of the State had held that

Simmons v. Taylor.

the previous order of the Court did not confer upon the receiver the rights to institute suits or actions for the collection of unpaid subscriptions or the collection of equitable assets. And upon this petition the Court authorized, directed and empowered the receiver to collect all debts due the company, to assert his right to all of its property, to collect unpaid subscriptions to the capital stock, to avoid all fraudulent transfers by the company, its officers or directors, and to impeach or avoid all issues of stock actually or constructively fraudulent, and to institute all actions or suits at law or in equity for the collection of all assets of the corporation, whether legal or equitable. Neither of the latter two orders are in any way made part of the record or referred to in it in any way, and they are only part of the transcript by being attached to it as heretofore stated.

A demurrer was filed to the original bill April 14, 1896. The grounds stated, among others, were that there was no allegation of any creditors of the company or any claims allowed against it, that it was not alleged that the tangible assets had been exhausted, and that no proper order authorizing the suit is shown.

This demurrer was not acted upon, but October 30, 1899, leave was granted to file an amended bill, which was actually filed December 9, 1899.

The amended bill charged that Wellford had

died insolvent, Williamson had also died, and their representatives were not made parties. The same charges are made as in the original bill, but more in detail, and liability is sought to be imposed on the same grounds as in the original bill, to wit: subscriptions unpaid, negligence, non-feasance and misfeasance in performance of duties, assenting to debts in excess of the capital stock paid in, etc.

The bill alleges that debts to a large amount, some $239,000, had been established in the original suit, but no particular debt or creditor is named, no creditor is made a party, and the bill does not allege that it is brought in behalf of creditors or show that fact, except so far as may be inferred from the statement that it is brought in discharge of the duties of complainant as receiver.

On February 5, 1900, Defendant Taylor, who seems to be now the sole litigant, the other parties having died or become insolvent and the suit being against Taylor alone, moved, to strike the amended bill from' the files because no cost bond had been given and the demurrer to the original bill was pending and undisposed of when the amended bill was filed. The Chancellor required a cost bond, which was given, and he overruled the motion to strike from the files. Defendant Taylor then filed a demurrer to the amended bill, embracing eighteen grounds. The first is that there

Simmons *v* Taylor.

was no order of the Court appointing the receiver authorizing the filing of the original bill, and as it had no standing in Court it could not be amended.

Second, that there was no proper order of the Court for filing the amended bill. The other grounds presented were generally that the liabilities alleged were such as could be enforced by creditors alone, and the bill was not filed by creditors nor expressly on their behalf, does not name any or allege that it is brought at the request of any.

The demurrers to the original and amended bills were heard together.

The demurrer to the original bill was sustained and that bill dismissed. The demurrer to that part of the amended bill which sought to recover from defendant on the ground of negligence was sustained, as was that charging liability for debts created beyond the capital stock, and also that setting up the statute of limitations of six years, also that charging liability for Ward's negligence and for defendant's own carelessness.

All other grounds of demurrer were overruled and appeals were taken by both parties, and errors have been assigned.

The first question presented is whether the appeals are not premature.

Treating the original and amended bills as forming but parts of one entire pleading, it appears

that demurrers to parts of the bill have been sustained and to other parts overruled, so that apparently the case is not disposed of in the Court below.

If we treat them separately the same result appears. But we think this result is more apparent than real. There is a ground of demurrer to the original bill and a like ground to the amended bill, which goes to the entire bill in each case and questions it upon a point which extends to it as a whole, and that is the right of the receiver to sue for the causes of action alleged in his bill without the special order of the Court appointing him. This right is denied by the Chancellor as it is presented in the original bill, and if there were nothing else in the record, the complainant, having his bill dismissed, would have an appeal as a matter of right. But it is not refused by the Chancellor in his action on the amended bill, and the demurrer of the defendant upon this ground is overruled.

From the overruling of this demurrer an appeal at the instance of defendant lies within the discretion of the Chancellor, and such appeal has been granted by him, so that we think the case is before us on appeal of each party from a ruling adverse to each, which goes to the entire right to maintain the suit. That there are also rulings which go to special features of the case and upon which the decision of the Court be-

low was in some instances in favor of complainant and in some other features favorable to defendants cannot matter, as these features cannot be considered if the complainant has not the right to maintain the suit for want of proper authority from the Court which appointed him.

We proceed, therefore, to consider the correctness of the Court's ruling upon complainant's right to maintain the suit. We are of opinion the Court erred in overruling the first and second grounds of demurrer to the amended bill. As before stated, these grounds go to the original as well as the amended bill, and question the authority of the receiver to file the bill without the instructions of the Court appointing him. A receiver in filing a bill, especially when he is prosecuting a suit for equitable assets or statutory liabilities involving questions of difficulty and litigation, should show upon the face of his bill authority for filing it from the Court which appointed him.

He should show that by order or decree of the Court appointing him authority has been conferred upon him in his representative capacity as receiver to prosecute such action. High on Receivers, Secs. 201, 202, 208; Smith on Receivers, Secs. 71, 391, 2, 3.

In Smith on Receivers, cited supra, it is said: "It is necessary that a receiver, before bringing suit, obtain leave of Court authorizing suit either

22 P—47

general or special. If the nature of the case is such as to require it, it may be expedient to give a receiver such general power in the order of appointment, and thus avoid the necessity of several applications therefor. If, however, the suit is likely to be protracted and expensive, special leave should be asked and obtained. A receiver, simply being an officer of Court, his own protection requires that his action in . regard to litigation should have the sanction of the Court. He must show in his complaint leave of the Court to sue." *Conley* v. *Deere,* 11 Lea, 274; *Rodes* v. *Milligoss,* 45 N. E. Rep., 666.

Complainant does not show in his bill any sufficient or valid authority from the Court which appointed him for bringing this suit—that is, no order of the Court appointing him which empowers him to bring the present suit or one for the purposes and objects of the present suit. Strictly speaking, it shows no authority except such as the law imposes upon a receiver without an order of the Court. The two papers which were probably intended as exhibits A and B are not really made part of the record, and if they were and treated as properly in it, they confer only general power to collect debts, recover specific property and take charge of the assets of the corporation. The other petitions and orders thereon are not made part of the record, not re-

ferred to in it and are improperly in the transcript. *Russell* v. *The Bank,* 20 Pick., 618.

The complainant in the present case is seeking extraordinary relief and prosecuting remedies which are not within the ordinary purview of a receivership.

The authority vested in a receiver as a matter of law and solely by virtue of his appointment or under a general order such as is contained in exhibits A and B, is not to bring any sort of a suit which he may deem best or advisable, but only such necessary and proper suits as are required to assert the rights vested in him as receiver. The assets of a corporation, in the broadest sense, may be divided into two classes:

1. Primary assets, that is, property belonging to the corporation and standing in its name.

2. Conditional assets, such as a stockholder's liability for unpaid subscriptions or dividends unlawfully paid.

There are under the National Banking Act also statutory assets, such as the liability of stockholders to assessments. The right of the receiver to the first class of assets vests in him as soon as he is appointed and his rights and duties declared in general terms.

The second class do not vest in him until the Court has ascertained and decreed that it is necessary to resort thereto in order to pay the debts of the corporation. There is another class of

Simmons v. Taylor.

assets which do not vest in a receiver at all, but arise out of statutory provisions in favor of creditors of a certain kind; that is the liability of directors assenting to the creation of debbts in excess of the capital stock of the corporation. This right only vests in excess creditors and not in the corporation itself, and can be sued for only by such creditors. *Tradesman's Pub. Co.* v. *Car Wheel Co.,* 11 Pick., 634; *Moulton* v. *Connell Hall Co.,* 9 Pick., 377; 17 Enc. Pl. and Prac., 816, note.

Unpaid balances on subscriptions cannot be collected unless there is a necessity therefor to pay debts, or in equalizing stockholders in the distribution of the assets on winding up the corporation.

Before unpaid subscriptions are collected certain conditions must appear—that is, that the other assets have been or are being collected and are insufficient to pay the debts.

An account must be taken and an order made in the nature of a call upon stockholders for unpaid subscriptions and this must be made ratably so as to be equal and uniform. Thompson on Corporations, Secs. 3386, 3387, 3537, 3538, 6962; Smith on Receivers, pp. 175, 404; *Chandler* v. *Ruth,* 42 Iowa, 99; *Scoville* v. *Thayer,* 105 U. S., 143.

We are of opinion that in order to maintain an action for the causes mentioned in this bill the

Simmons *v.* Taylor.

receiver should have had the order and direction of the Court appointing him and having control of him, and such order and direction should have been specific in its direction as to the nature and character of the suit to be brought.

Without considering in detail the other assignments and questions raised, we are of opinion the complainant was not authorized to bring the suit by the Court in the case in which he was appointed. That both suits happened to be in the same Court does not alter the case, and the original and amended bill should have been dismissed for want of authority to bring them.

The judgment of the Court below is modified and the bill dismissed at complainant's cost.