WILLIAM F. STONE, Appellant, *v.* TOWN AND COUNTRY ESTATES, INC., and Others, Defendants, Impleaded with HENRY OAKLEY, Respondent.

First Department, November 9, 1917.

**Pleading — complaint — action by stockholder to prevent spoliation of corporation — misappropriation of corporate property through subsidiary corporation — complaint stating single cause of action.**

The complaint of a stockholder in an action against his corporation and its directors brought on his own behalf and for the benefit of other shareholders which in substance alleges that the defendant directors formed a conspiracy to control and misappropriate the assets of the corporation to their own use and to despoil the same and to that end formed another corporation of which they were officers and directors and caused the latter corporation to purchase lands with the moneys of the plaintiff's corporation and used the funds of that corporation to buy the stock of the subsidiary corporation from the defendants, which stock had been issued to them without consideration, and procured the release of a portion of the lands of the subsidiary corporation from the lien of the mortgage without reducing the mortgage debt or retiring the mortgage bonds and used the subsidiary corporation to injure the plaintiff's corporation and performed certain other specified acts to injure the subsidiary corporation, states but a single cause of action, the overt acts of the defendants in exploiting the subsidiary corporation being merely a means to accomplish the misappropriation of the property of the plaintiff's corporation.

Hence, the plaintiff will not be required to serve an amended complaint separately stating and numbering two causes of action.

APPEAL by the plaintiff, William F. Stone, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York requiring him to serve an amended complaint

stating and numbering separately two causes of action claimed by the respondent to be set forth in the original complaint.

*Arthur O. Townsend,* for the appellant.

*Glenn M. Congdon,* for the respondent.

DAVIS, J.:

It appears from the complaint that plaintiff is the owner and holder of 50 shares of the capital stock of the Town and Country Estates, Inc., a domestic corporation, and that he brings this action at the request of shareholders owning upwards of 1,000 shares. It also appears that the affairs of the Town and Country Estates, Inc., are managed by a board of three directors and that the individual defendants are or have been directors and officers of the Town and Country Estates, Inc. Then follow specifications, based upon the minute book of the corporation, as to the connection of these individual defendants with the Town and Country Estates, Inc., as officers or directors.

The 6th paragraph alleges that the individual defendants formed a conspiracy to control, and misappropriate the assets and property of the Town and Country Estates, Inc., to their own use, and that the said conspiracy is still in operation and that pursuant to that conspiracy the Town and Country Estates, Inc., is being despoiled by the defendants, and that none of the defendants will take any action to prevent it.

The complaint, in the 8th paragraph, then sets out in detail numerous overt acts alleged to have been performed by the individual defendants pursuant to the conspiracy. Among those overt acts are the following: The creation of the Muncie Island Land Company with the individual defendants Thayer, Cole and Foster as a majority of its officers and directors, as an instrument to further the objects of said conspiracy; the purchase in the name of the Muncie Island Land Company of a large tract of land with the money of the Town and Country Estates, Inc., and the use of the funds of the Town and Country Estates, Inc., to buy the common stock of the Muncie Island Land Company from the individual defendants or some of them; the issuance to the individual defendants, without any consideration, of some or all

of the preferred stock of the Muncie Island Company; the placing of a $50,000 mortgage on the Muncie Island property to secure payment of $50,000 of bonds, and the issuance of a portion of the bonds to one or more of the individual defendants without consideration after unlawfully procuring the guarantee of the said bonds by the Town and Country Estates, Inc.

It is then alleged that the individual defendants procured a release of a large part of the Muncie Island land from the lien of the mortgage without getting a reduction of the mortgage debt or the retirement of any of the bonds. Then follow other allegations as to the fraudulent use of the Muncie Island property, all of which tended to injure the Town and Country Estates, Inc. For instance it is alleged that the individual defendants, without consideration, conveyed to certain of themselves or to their confederates considerable portions of the land of the Muncie Island Company which they had released from the lien of the mortgage, and converted to their own use the proceeds of sales of other portions of said released land. There are other allegations of similar acts on the part of the individuals. It is the contention of the respondent that this complaint states two intermingled causes of action, one for injury to the property and assets of the Town and Country Estates, Inc., and one for injury to the Muncie Island Company, and for that reason they should be separately stated.

In our opinion the respondent has failed to understand the form and theory of the action as set forth in the complaint. According to this complaint the defendants conspired to enrich themselves by a misappropriation of the property and assets of the Town and Country Estates, Inc. As a part of their plan they formed and controlled the Muncie Island Company and gave it land purchased with the money of the Town and Country Estates, Inc. They then placed a mortgage of $50,000 on this land and caused the Town and Country Estates, Inc., to guarantee the bonds which they then proceeded to misappropriate in part for themselves. They also performed other similar acts of spoliation, all of which, of course, injured the property of the Muncie Island Company, as well as that of the Town and Country Estates, Inc. But the purpose of the injury to the former corporation was the destruction of the assets of the latter. The formation of the

Muncie Island Company and the use of it made by defendants were some of the means adopted to carry out the plan to misappropriate the property of the Town and Country Estates, Inc. There was no intention to injure the Muncie Island Company, except so far as it was requisite to further the alleged conspiracy to obtain the property of the other corporation, and no such intention is alleged in the complaint.

The theory of the complaint is that the formation of the Muncie Island Company and the purchase by that company of the Muncie Island property with the money of the Town and Country Estates, Inc., and the subsequent exploitation of that property were all overt acts designed by defendants as a means to accomplish a misappropriation of the property of the Town and Country Estates, Inc. This being so, there is but one cause of action stated and there should be a reversal of the order appealed from.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.