JOSEPH L. CAHALL, Receiver of Lewes Fisheries Company,

*vs.*

WILLIAM C. LOFLAND, AND OTHERS.

*Kent, Jan.* 23, 1920.

Receiver should not without authority of the court appointing him bring action against directors and corporation to impound assets fraudulently obtained from the corporation by the directors.

In a suit at law or in equity by receiver of insolvent corporation against stockholders upon a stockholder's liability in a court other than that by which receiver was appointed, the receiver should aver his appointment and his authority to bring such suit for the benefit of the creditors.

Court by which receiver was appointed will, in subsequent action by such receiver, take notice of such appointment, of the parties to suit wherein appointment was made, and of main purpose of such suit.

In a receiver's suit against directors and others, to whom directors fraudulently conveyed property, to impound assets fraudulently obtained from corporation, the defendants who were parties to the receivership action in the same court, the main purpose of which was to enable receiver to recover such property, could not complain of failure of bill to aver receiver's authority to bring suit.

In a receiver's suit to recover property fraudulently obtained from corporation, defendants who were not parties to the receivership proceeding, the main

purpose of which was to enable receiver to bring such subsequent suit, were entitled to have bill plead receiver's authority from the court to bring action.

Where a receiver was appointed principally to enable him to bring certain suit, and subsequently brought such suit in court in which he was appointed, without alleging his authority to bring suit, court will permit him to amend the bill so as to allege such authority.

Bill by receiver of corporation against directors and others to whom directors had fraudulently conveyed property to impound assets unlawfully and fraudulently diverted from the corporation *held* not multifarious, since the suit has a single object and will not embarass any defendants in the making of their defenses, nor create confusion of issues or proofs.

In a receiver's action against directors to impound property fraudulently diverted from corporation, allegation that no "lawful consideration" was paid for issue of stock *held* not faulty because of use of word "lawful," since such word can be ignored; the remaining part not being in bad form.

In a receiver's suit against directors and officers of corporation to recover back salaries and dividends fraudulently paid, that action at law could be instituted to recover back the salaries and dividends was no defense, since the bringing of the separate suit would require a duplication of labor and a heavy increase of expense.

Action by Joseph L. Cahall, receiver of the Lewes Fisheries Company, against William C. Lofland, James T. Lank, Harland M. Joseph, William E. Tunnell, Robert Penington, and the Lewes Oil & Chemical Company, and others. A joint demurrer was filed by the first four named defendants and a joint demurrer by the two last named defendants.

*Henry Ridgely*, for complainant.

*George N. Davis*, for Robert Penington and Lewes Oil & Chemical Company.

*Richard S. Rodney* and *John M. Richardson*, for William C. Lofland, James T. Lank, Harland M. Joseph, and William E. Tunnell.

THE CHANCELLOR. The bill demurred to was filed by the receiver of Lewes Fisheries Company, heretofore appointed by this court, and it was there alleged in substance, that seven of the defendants, as directors, had fraudulently acquired assets of the company and had passed them over to the other two defendants, who had notice of, or were also parties to, the transactions. Later a proceeding was taken for a voluntary dissolution and after

almost all of the assets had been converted and distributed the receiver was appointed in place of the directors.

The illegal and fraudulent acts of the directors complained of were the issue to themselves of shares of stock without lawful consideration, the payment to themselves of certain salaries, and the scheme to turn over to a new corporation, the Lewes Oil & Chemical Company, owned by them, and Robert Penington, practically all of the assets of the company, to the injury of the other stockholders. There were allegations of wrong done in several details of carrying out the scheme. The purpose of the bill was to impound for the benefit of all of the stockholders of the Lewes Fisheries Company property so fraudulently obtained from it.

Of the nine defendants, four directors filed a joint demurrer and Robert Penington and Lewes Oil & Chemical Company also filed jointly a demurrer to the bill. One ground in common to both demurrers is, that there is no allegation in the bill that the receiver had authority to bring this suit. It is true, as contended for by the demurrants, that the suit which the receiver has instituted is one of a kind which should not be brought without authority of the tribunal which appointed him as its executive arm. The purpose of the bill of the receiver demurred to was not to administer what has been called primary assets, being the property belonging to the company and standing in its name, or due it as a debt or liability liquidated or unliquidated. When a receiver is appointed for a corporation on the ground of its insolvency, the statute enumerates certain powers, which may be and quite usually are given to the receiver, and they relate to administering these primary assets. Among those powers is a general right and power given to the receiver to bring suits in the name of the corporation, or of the receiver, to reduce to money primary assets. Special authority by special order of court to bring such suits is not required.

In addition to these primary assets of a corporation there are other assets recoverable by a receiver. One kind is conditional in character, viz. the statutory liability of a stockholder for the unpaid par value of his shares to pay creditors of the company when the assets of the company are insufficient for the purpose.

Manifestly there must be a preliminary determination by the court that there is such a deficiency and the amount thereof before particular authority to make an assessment and the amount thereof is given by the court to the receiver as well as orders or instructions as to the recovery thereof by suit. All this was done in administering the affairs of the Arlington Hotel Company in this court. *Cooney Co. v. Arlington Hotel Co.*, 11 *Del. Ch.* 287, 101 *Atl.* 879. See, also, *Fell v. Securities Co. of North America*, 11 *Del. Ch.* 235, 100 *Atl.* 788. A suit at law or in equity in any other court by the receiver to enforce this liability should, and probably must, aver the appointment of the receiver and his authority to bring the suit for the benefit of the cerditors of the company. Such was the decision in *Simmons v. Taylor*, 106 *Tenn.* 729, 63 *S. W.* 1123, cited by the defendants, and the reasons therefor were sufficient.

But this court is bound to take notice that the receiver of the Lewes Fisheries Company was appointed in a suit in this court brought by a stockholder of the company, wherein all of the defendants in this present case, except Penington and Lewes Oil & Chemical Company were defendants, and the main purpose of that suit, as declared in the bill filed therein, was for help from this court to right the wrong set out in the bill now demurred to. None of the defendants to the first suit can urge as an objection to the form of the present bill by the receiver that the bill does not aver the authority of the receiver to bring the suit, for they were parties to the suit wherein this same court appointed this receiver to bring this kind of a bill to afford the relief asked for there and here. No authority has been cited to support this point in the brief of the solicitors for the four directors who were parties to the stockholder's bill.

There are, however, defendants in the present bill who were not parties in the other suit, viz. Penington and Lewes Oil & Chemical Company. As to them a different principle applies. They are entitled before answering the bill to know by averment therein that it was filed by the authority of the court appointing the receiver, and the simple allegation of the appointment of the complainant as receiver is not sufficient. The receiver in his bill must allege his authority to sue those not a party to the suit in

which he was appointed. This seems to be settled by the case of *Simmons v. Taylor*, 106 *Tenn.* 729, 63 *S. W.* 1123. The demurrer of Penington and Lewes Oil & Chemical Company should be sustained on this point.

Inasmuch, however, as this court takes judicial notice of the fact that it has heretofore given such authority to this receiver, or authority to bring a bill to effect the purposes and objects of this present bill, the complainant will be allowed to so amend the bill as to add allegations showing authority to bring this present bill. It might be otherwise if there never had been given authority to the receiver to sue to right this particular wrong.

Another ground of demurrer is that the bill is multifarious, in that (1) it embraces two several and distinct actions relating to several and distinct matters, and founded on two several and distinct causes; and (2) it is brought against several defendants, as to some of whom there are certain causes of action alleged, and as to others of whom there are certain other and different causes of action alleged, and no common relief asked for as to all of the defendants. The complainant contends that according to the bill there was in effect a conspiracy to defraud the Lewes Fisheries Company by its officers and directors, and that the defendants were (1) those who at various times and in various ways had done some act in furtherance of the plan; and (2) those who had received and now hold the property of the company with notice of or as participants in the conspiracy.

Multifariousness and multiplicity of suits are opposite faults to be shunned, and to the pleader are as Scylla and Charybdis to the mariner. Chancery on the one hand discourages the splitting up of a cause into several suits where it can be confined in one suit without serious injury to the rights of the parties involved, or undue annoyance to them in enforcing or defending them; and on the other hand it disapproves of the combination in one suit of distinct and independent matters, thereby confounding them. Convenience in the administration of justice is the prime factor in considering whether a bill is multifarious, and even if it be technically objectionable by embracing more than one subject it will be sustained if such procedure is necessary or highly conducive to the administration of justice. 10 *Ruling Case Law*, 429-430;

*Brown v. Tilley*, 25 *R. I.* 579, 583, 57 *Atl.* 380. After all the test is whether justice can be administered between the parties without a multiplicity of suits, and if so, then the objection of multifariousness will not prevail.

Where relief is sought against trustees charged with fraud as to their dealings with the trust property there is usually present a singleness of object and purpose which renders the bill free of the fault of multifariousness, though there be several defendants charged with matters of the same nature forming a connected series of acts all intended to defraud or injure the complainant, and in which all of the defendants were more or less concerned, though not jointly in each act, nor to the same extent. 10 *Ruling Case Law*, *p.* 432.

As stated by the solicitor for the receiver, the bill has a single object—the impounding of the assets of the Lewes Fisheries Company, wrongfully and fraudulently diverted by and through the misconduct of its directors and officers, displayed in three forms or groups of transactions. All the transactions relate to a breach of the duty of the directors of the corporation, who as such are trustees for the shareholders. All of these directors are defendants. The other defendants are those who knowingly received the assets of the Lewes Fisheries Company, unlawfully diverted from it as part of a plan to turn over such assets to a new corporation, also made a defendant. As Lord Cottenham indicated, in *Attorney General v. Craddock*, 3 *Myl. & Cr.* 85, 40 *Eng. Reprint* 857, one who by uniting with a trustee in a breach of trust has made himself part and parcel of the transaction cannot raise the objection of multifariousness to a bill making him a codefendant with the trustee to right the wrong. Though each case stands alone, the following cases cited by the solicitor for the receiver are sufficiently akin to the present case as to be helpful in reaching a conclusion as to this technical objection. *Hulbert v. Detroit, etc., Co.*, 107 *Mich.* 81, 64 *N. W.* 950; *Robinson v. De Luxe, etc., Co.*, 170 *Mich.* 163, 135 *N. W.* 897; *Williams v. Brady*, (*D. C.*) 221 *Fed.* 118; *South Bend, etc., Co., v. George C. Cribb Co.*, 105 *Wis.* 443, 81 *N. W.* 675; *Atlantic etc., Co., v. Beard*, 146 *App. Div.* 880, 130 *N. Y. Supp.* 1104; *Stone v. Town, etc.*, 180 *App. Div.* 322, 167 *N. Y. Supp.* 215; *Gray v. Fuller*, 17 *App. Div.* 29, 44 *N. Y. Supp.*

883; *Stevens v. South Ogden, etc., Co.,* 14 *Utah,* 232, 47 *Pac.* 81; *Lewis v. St. Albans, etc., Works,* 50 *Vt.* 477; *Brinkerhoff v. Brown,* 6 *Johns. Ch.* *139; *Bosworth v. Allen,* 168 *N. Y.* 157, 61 *N. E.* 163, 55 *L. R. A.* 751, 85 *Am. St. Rep.* 667; *Heppenheimer v. See,* 55 *N. J. Eq.* 240, 36 *Atl.* 966.

The cases in the Delaware courts on the question of multi-fariousness are in harmony with these general principles. *Weir v. Bay State Gas Co.,* (*C. C.*) 91 *Fed.* 940; *Dennison v. Thomas, etc., Co.,* (*C. C.*) 94 *Fed.* 651; *Mahoney, et al., v. Healy, et al.,* 9 *Del Ch.* 273, 81 *Atl.* 583.

The cases are very numerous and are not harmonious, and the fairly exercised discretion of the court must prevail. If there is any doubt the bill is given the benefit of it.

It is quite clear in this case not only that the end to be gained in this case, viz. the recovery for the stockholders of assets unlawfully and fraudulently diverted from it, can be conveniently reached by the way proposed by the bill, and that no injury will be done to any party by adopting that method. None of the defendants will be embarassed in making their defenses. Nor will there be any confusion of issues or proofs in the case, and the trial of the issues will not be made complicated or difficult to be understood. The bill is not objectionable as being multifarious.

A further ground of demurrer was a general one, that there was no equity in the bill, and there was an adequate remedy at law. This ground of demurrer is not tenable, and it is not necessary to elaborate reasons for overruling those grounds of demurrer. The allegation that there was no "lawful consideration" for stock of the old company issued to some of the defendants is not faulty because the word "lawful" was used. Ignoring it the remaining part of the allegation is not in bad form.

It is not a valid objection that the receiver could by an action at law recover back salaries and dividends received by the defendants, for there are other causes and transactions making up a train of events, part of a general plan, and it is not just to either side to require a splitting up of the cause into parts for trial in different suits in different courts, thereby involving a duplication of labor and a heavy increase of expense.

The conclusions are: (1) That the demurrer filed by William

C. Lofland, James T. Lank, Harland M. Joseph and William E. Tunnell is overruled on all of the grounds alleged; and (2) that the demurrer filed by Robert Penington and Lewes Oil & Chemical Company is sustained as to the first ground thereof, viz. that it was not alleged that the complainant had, or has, any right or authority to sue them for the causes of action alleged in the bill; and that their demurrer is overruled as to the other grounds alleged.

An order will be entered accordingly.