WILLARD A. WALSH, on Behalf of Himself and All Other Stockholders of MORANA INCORPORATED, Respondent, *v.* VAN AMERINGEN-HAEBLER, INC., Sued Herein as MORANA INCORPORATED, and Others, Defendants, Impleaded with ARNOLD L. VAN AMERINGEN and Another, Appellants.

First Department, January 30, 1931.

*John F. Condon, Jr.*, of counsel [*W. Randall Compton* with him on the brief; *Rogers & Whitaker*, attorneys], for the appellants.

*John Marx*, for the respondent.

McAvoy, J.   The action here was brought against the officers and directors of Morana Incorporated.   It is the usual stockholders' action of derivative character and is brought in a representative capacity on behalf of the corporation, which corporation, however, is in control of the defendants, and a demand upon them to bring this action would be futile.

The first four paragraphs of the complaint contain formal allegations as to parties and that plaintiff, while defendants and others were officers and directors, was the owner of 590.52 shares of stock in Morana Incorporated, and is still the owner of said shares.   The 5th paragraph purports to allege what the plaintiff conceives to have been the duties of defendants and others as officers and directors, without in any way distinguishing the duties of the individuals named as officers and their duties as directors.

The 6th paragraph of the complaint purports to contain the allegations of a cause of action in favor of the corporation; the malfeasance or nonfeasance of defendants and others as directors and officers of the corporation.   It alleges: " Upon information and belief that the said defendants, as said officers and directors, utterly failed and neglected to perform their duties in that they did not give the care and prudence to the business and affairs of said Morana Incorporated, but neglected the same;   *   *   *."

This is a conclusion of negligence or neglect on the part of the defendants and others.   Not one fact upon which the conclusion might be based is stated.

It also alleges that the directors " did not administer the business and affairs of said defendant in an honest, careful, or prudent manner, but on the contrary, negligently suffered and committed the money, property and effects of the said defendant, Morana Incorporated, to be wasted and squandered."

This is mere conclusory matter alleging negligence, fraud and misappropriation of property without a fact as to the negligence or dishonesty or a reference to any specific property.   The mere

allegations of fraud or conspiracy are of no value in stating a cause of action. (*Knowles* v. *City of New York*, 176 N. Y. 430, 437.) How the property was squandered and wasted and what the property was, are not alleged.

It also alleges that the directors "improperly and wrongfully suffered and permitted the monies of said defendant, Morana Incorporated, to be paid to themselves and others for commissions, expenses and salaries without receiving for the corporation adequate consideration therefor."

This alleges as conclusions either negligence or fraud, but no facts are stated to support them. There are no allegations of fact to show that the consideration was inadequate; that defendants acted in bad faith or were grossly negligent.

Further, there appears in the complaint that defendant " improperly and wrongfully negotiated and conducted business with the defendant, Van Ameringen, Inc., whereby said defendant greatly profited to the damage of the defendant, Morana Incorporated; wrongfully and improperly used the money, property and funds of the defendant, Morana Incorporated, for the purpose of extending and increasing the business of the. defendant Van Ameringen, Inc., in which corporation said individual defendants were interested to the damage of the defendant, Morana Incorporated; wrongfully and improperly voted large and excessive salaries to themselves, and encumbered and sold the assets of the defendant, Morana Incorporated, whereby said defendants greatly profited and, as a consequence whereof, the defendant, Morana Incorporated, sustained great losses; wrongfully and improperly reduced the value of the shares of stock of said defendant, Morana Incorporated, so as to render said shares practically valueless."

The same vice is here as in the other paragraphs recited above. The authority quoted as basis for the complaint (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52) contains a summary in the opinion which would seem to justify the plaintiff's mode of pleading. But the writer there was not setting out the facts of fraud and neglect, but giving the conclusion which, while permissible in an opinion, is not sufficient for a complaint of facts. The complaint in the quoted authority has an ample statement of specific acts which constituted the negligent and fraudulent conduct of the directors.

The complaint herein does not state facts sufficient to constitute a cause of action.

The two orders denying motions to dismiss the complaint should be reversed, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs, with leave to the plaintiff to serve an ·amended complaint within twenty days upon payment

of said costs. The appeals from the remaining four orders should, therefore, be dismissed.

Dowling, P. J., and O'Malley, J., concur; Finch and Martin, JJ., dissent.

Finch, J. (dissenting). It seems to me that the complaint does contain sufficient allegations of ultimate facts to sustain the cause of action. For instance, the allegation that the individual defendants, as officers and directors, sold the assets of the defendant Morana Incorporated, so that they themselves personally profited and the defendant Morana Incorporated sustained loss, is an allegation of ultimate fact sufficient to state a cause of action, even though the words " wrongfully and improperly " were entirely omitted. Since they were officers and directors, they could not profit at the expense of the corporation.

It follows that the court at Special Term was right in refusing to dismiss the complaint and all the orders appealed from should be affirmed.

Martin, J. I concur with Mr. Justice Finch. In addition to those set forth in his opinion, there are other allegations which I believe are sufficient to sustain the complaint.

The first two orders reversed, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.

Appeals from remaining four orders dismissed, without costs.