Murray T. Feiden, J.
This is a minority stockholder’s action, wherein defendants move to dismiss the complaint for insufficiency. Alternative relief is sought to the effect that plaintiff be required separately to state and number causes of action.
The attack on the complaint is predicated on the argument that it alleges conclusions of law rather than facts. We proceed to examine it to determine whether this criticism is justified.
Plaintiff is the widow of one Morton Brilliant. During his lifetime he, together with the other individual defendants, owned all of the outstanding stock of the defendant corporations. The latter are two in number, namely, Long Island Waste Co., Inc., and Siam Realty C'orp. As to the first, defendants are charged with having bought a defective tank which was installed on its premises; the tank exploded, causing the death of Morton Brilliant and two others; actions have been instituted against the corporation in consequence, and judgments demanded for more than two million dollars; the insurance carried by the corporation was grossly inadequate, so that recoveries by the plaintiffs in the death actions would render it insolvent; the corporate officers, in furtherance of that purpose, have threatened to make *790 it insolvent, have increased their salaries by 500%, have diverted moneys, business and other assets of the corporation for their own advantage and enrichment, and that Stanley and Ira Brilliant shared the proceeds of such unlawful transactions with Anna S. Brilliant, who knew or should have known, as an officer and director, the sources of these moneys.
As for defendant Siam Realty Corp., the complaint’s allegations are of the same tenor. Plaintiff’s status as a stockholder is about in the same proportion. This corporate defendant owns the building in which the first corporation’s business is located. It is charged with having entered into improper leases at inadequate rentals. The individual defendants are claimed to have substantial interests in the businesses of some of the tenants. In this cause of action, too, it is alleged that the corporation permitted a defective tank to he installed in the building, with similar averments as to the wrongful death actions and insufficient insurance. The misconduct pleaded with regard to the corporate officers of Siam is to the same effect as the conduct of the same officers concerning the affairs of the first corporation.
It is true that some of the charges are general Nevertheless, the following significant allegations are made: (1) The three individual defendants constitute all of the directors and officers of each corporation. (2) They exercise exclusive control of each corporate business. (3) While each occupies a position of trust and is being compensated for his or her services, they have acted in violation of their duty to administer the affairs of each corporation honestly, properly and fairly. (4) They are dissipating the assets of each corporation with a view towards defeating the rights of prospective judgment creditors. (5) Their illegal diversion of corporate assets includes 500% salary increases to each of two individual defendants. (6) In addition to excessive salaries, they have taken excessive amounts of corporate moneys for alleged expenses, and have otherwise sought to enrich themselves out of each corporate treasury without correlative consideration to the corporation. (7) In the instance of Siam, they leased to tenants at insufficient rentals, and have financial interests in the tenants who were given the benefit of these collusive leases.
It is no doubt the general rule that in actions of this character a complaint pleading merely general accusations of wraste, dissipation of assets or unlawful conduct will not suffice without a reasonably factual basis set forth with some degree of particularity.
The rule is that a complaint which makes only general accusations of waste, dissipation of assets or unlawful conduct will *791 not suffice unless a factual basis for such conclusion is set forth with some degree of particularity. (Gerdes v. Reynolds, 281 N. Y. 180; Kalmanash v. Smith, 291 N. Y. 142.) A complaint, however, which charges improper personal benefit or profit by directors and officers (including those who improperly or carelessly permit such conduct) in violation of their fiduciary duty, adequately alleges a cause of action. There appears to be a distinction between those cases where the directors are charged with improper conduct in dealings between their corporations and persons or corporations other than themselves and those cases where a charge is made of personal benefit.
In the frequently cited case of Walsh v. Van Ameringen-Haebler (257 N. Y. 478, revg. 231 App. Div. 653), after charging that it was the duty of the defendant “ to honestly, diligently and carefully administer the affairs ’ ’ of the corporation and to see that the property of the corporation was “ not wasted or squandered and to faithfully and diligently perform all duties devolving upon them as said directors and officers ” and their failure to do so, the complaint merely alleged that the defendants (p. 655): “ 4 improperly and wrongfully suffered and permitted the monies of said defendant * * * to be paid to themselves and others for commissions, expenses and salaries, without receiving for the corporation adequate consideration therefor’ ” and “ 1 wrongfully and improperly voted large and excessive salaries to themselves, and encumbered and sold the assets of the defendant * * * whereby said defendants greatly profited ’ ”. The Appellate Division had dismissed the complaint (231 App. Div. 653). The Court of Appeals, in reversing (p. 480), said: “ The allegation that the directors voted themselves excessive salaries is sufficient to call upon the defendants to answer the complaint, even if the other allegations be disregarded as indefinite.”
In Gerdes v. Reynolds (281 N. Y. 180, 1.85, supra) the court stated that the complaint in Walsh v. Van Ameringen-Haebler (supra) was sustained “ only because it alleged that the defendants voted themselves excessive salaries.”
In Oltarsh v. National Velvet Co. (195 Misc. 634, 636) part of a complaint was held sufficient in its allegation that the corporate assets were sold at a loss to a firm in which the individual defendants, directors and officers of the defendant corporation had an interest. (See, also, Sage v. Culver, 147 N. Y. 241; Goodman v. Goodman & Suss Clothes Corp., 68 N. Y. S. 2d 281, 284, 285: Abrams v. Allen, 271 App. Div. 326, 328.)
The defendants in support of their motion rely principally on Gerdes v. Reynolds (supra) and Kalmanash, v. Smith, *792 (supra). In Gerdes v. Reynolds (supra) the court emphasized the basis for the dismissal when it said at page 184: ‘ ‘ The complaint here contains no express statement (that either of the defendants-'appellants made or expect to make any profit, directly or indirectly, or that his individual interests were or could be served by any purchase for which he voted ”.
In Kalmanash v. Smith (supra) the court made it clear that the basis of its decision was the absence of any allegation that the defendants Dahlberg, Hartley or Whittemore controlled the action of the board of directors or that they exercised such power by their votes or by the cumulative strength of their votes as to effectuate the acts allegedly detrimental to the corporation. There was also a failure to show that the acts of the corporation were the result of bad faith practiced by the defendants upon the corporation. It is clear that if the complaint had alleged that the defendants exercised control or could influence control and if there had been a showing of fraud or deceit the complaint would have been sustained.
Taking this complaint in its entirety, we find not only allegations of personal enrichment at the expense of the corporation but also charges of a scheme to render the corporation insolvent, in the process of which efforts the defendants are diverting to themselves the corporate assets.
As to that aspect of the application that plaintiff be required separately to state and number, it has been held that each act or category of acts does not constitute a separate cause of action; that there is one duty of trust which has been breached, although by a number of different acts. (See Covey v. England & McCaffrey, 233 App. Div. 332; Stone v. Town & Country Estates, 180 App. Div. 322; Tarlow v. Archbell, 47 N. Y. S. 2d 3; Tripp, A Guide to Motion Practice, p. 225.)
The defendants’ motion is therefore in all respects denied.