Moe Oltarsh, on Behalf of Himself and Other Stockholders Similarly Situated, Plaintiff, *v.* National Velvet Corp., Max Oltarsh, Abraham Oltarsh, Martin Oltarsh, Alovid L. Cole and National Realty Corp., Defendants.

Supreme Court, Special Term, New York County, July 7, 1949.

*Joseph B. Kaufman* for plaintiff.

*Danson & Hut* for defendants.

McNally, J. In a derivative action by a minority stockholder on behalf of himself and others similarly situated the defendant moves for an order striking out certain claims alleged in the complaint which accrued prior to December 21, 1945, on the

ground that plaintiff does not have legal capacity to sue pursuant to subdivision 3 of rule 107 and subdivision 5 of rule 106 of Rules of Civil Practice; striking out certain paragraphs pursuant to subdivision 5 of rule 106 on the ground that they do not allege facts sufficient to constitute a cause of action; and striking out certain paragraphs as irrelevant and conclusory pursuant to rule 103 of the Rules of Civil Practice.

The defendant National Velvet Corp. was organized April 15, 1935. The defendants Oltarsh were then copartners doing business as J. Oltarsh. The plaintiff's interest in the partnership was 27½%. J. Oltarsh acquired 250 shares of the preferred and 100 shares of the common stock of National Velvet Corp. during 1935. National Realty Corp. was organized during 1938. J. Oltarsh purchased a 60% interest in National Realty Corp. J. Oltarsh was dissolved during August, 1943.

On June 9, 1944, in an action instituted by the plaintiff against the defendants Oltarsh the court found that the said shares of stock of the corporate defendants issued in the name of Max Oltarsh were purchased for the benefit of all the parties to said action with funds of the partnership and that the beneficial interest in said stock of each party to the said action was in the same ratio as his interest in the partnership. Judgment in said action was entered on June 9, 1944, directing the surrender of said stock to the corporation to the extent of plaintiff's share therein and the reissue of said stock to the plaintiff. (*Oltarsh* v. *Oltarsh,* 269 App. Div. 661, affd. 295 N. Y. 590.)

The motion under subdivision 3 of rule 107 and subdivision 5 of rule 106 to dismiss certain claims accruing prior to December 21, 1945, is predicated upon the plaintiff's lack of legal title to the shares in question prior to said date. The court is of the opinion that the plaintiff was a stockholder at the time of the transactions of which he complains within the meaning of section 61 of the General Corporation Law, and accordingly denies said branch of this motion (*Law* v. *Smith & Sons Carpet Co.,* 271 App. Div. 705; *Holmes* v. *Camp,* 180 App. Div. 409).

The motion pursuant to subdivision 5 of rule 106 is granted as to paragraphs 103 to 110, inclusive, 111 and 112. Paragraphs 103 to 110, inclusive, attempt to allege the diversion of certain rights and privileges of the corporation for the benefit of the defendants Max and Abraham Oltarsh to the detriment of the defendant National Velvet Corp. No facts are alleged defining such rights or privileges or the conduct complained of. Conclusions are no substitute for facts. Paragraphs 111 and 112 are also subject to the same defects. This branch of the

motion is otherwise denied on the ground that it is not the proper vehicle for testing paragraphs of a complaint which do not constitute a complete claim or cause of action. Insofar as paragraphs 88 to 102, inclusive, this branch of the motion is also denied on the ground that it alleges that since October, 1943, National Velvet Corp. sold merchandise to a copartnership comprised of defendants, Max and Abraham Oltarsh, competitors of the corporation, at a loss, and that said defendants were directors, and the defendant, Max Oltarsh, was also an officer of the corporation. The facts alleged support a claim for an accounting in respect of said merchandise.

That part of the motion which is grounded on rule 103 is denied in all respects on the ground that it does not appear at this time that the matters alleged are irrelevant. If during the course of the trial of this action, it appears that such matters are irrelevant, the application to strike may be renewed at that time. Although the notice of motion under rule 103 is not directed to paragraph 87, both sides have argued the matter as if the motion was addressed to said paragraph. The court will, therefore, treat the notice as if it was directed to paragraph 87 of the complaint. The motion to strike said paragraph is denied on the ground aforestated with leave to renew at the time of trial.

Settle order on or before July 15, 1949, with provision for service of an amended complaint within twenty days after service of a copy of the order made herein.