Isidor Wasservogel,
Spec. Ref. This is a derivative stockholder’s action wherein plaintiff, as a purported stockholder of the defendant corporation, seeks to impress a trust and to restrain the individual defendants from transferring or disposing of corporate assets, and to compel defendants to account for their conduct in the management of the defendant corporation.
In or about February, 1960, plaintiff’s husband, one William Cavanagh, and defendant Rosner agreed to enter into the trucking business. Shortly thereafter, the defendant Birnbaum agreed to invest $2,000 for a one-third interest in this business venture which was to be incorporated under the name of L & R Trucking & Warehouse Co., Inc. Subsequently, various disputes arose between defendants and William Cavanagh, who had been employed by the defendant corporation, which finally terminated in Cavanagh leaving such employment and returning to work for his former employer. It is plaintiff’s contention that after her husband left his position with the defendant corporation, *577 she was excluded from the management of the corporate affairs, contrary to the relevant sections of article 9 of the Stock Corporation Law pursuant to which defendant corporation was formed. These provisions require unanimity of consent by stockholders to any actions taken on behalf of a corporation.
In this action, the burden was upon plaintiff to prove that she was a bona fide stockholder at the time of the transactions of which she complains herein (General Corporation Law, § 61). This she has failed to do. Plaintiff claims that as the nominee of her husband, she has an equitable or beneficial interest in one third of the corporate stock of the defendant corporation. The credible evidence, however, clearly establishes that no stock was duly authorized to be issued by any properly elected officer of the defendant corporation, nor was any such stock legally issued to plaintiff or to her husband with the consent, knowledge and approval of the defendant corporation’s officers. The proof merely shows that the certificate of stock upon which plaintiff relies here was prepared for issuance in her name by her attorney without the consent of any of the defendants, at a time when plaintiff’s husband had voluntarily left his employment with the defendant corporation and was negotiating with the individual defendants for the purchase of his interest therein. Such issuance is not sufficient to make plaintiff a bona fide shareholder.
There is no doubt, as plaintiff contends, that a person having a beneficial or equitable interest in stock may properly institute a derivative stockholder’s action pursuant to sections 60 and 61 of the General Corporation Law (Law v. Smith & Sons Carpet Co., 271 App. Div. 705; Oltarsh v. National Velvet Corp., 195 Misc. 634). In the opinion of the court, however, plaintiff’s contention in this regard is untenable here inasmuch as her interest as the alleged nominee of her husband is not equivalent to such an equitable or beneficial ownership of stock which would entitled her to maintain a derivative stockholder’s suit. As the purported nominee of William Oavanagh, plaintiff still has no interest in any corporate stock, inasmuch, as above noted, no shares of the corporate defendant’s stock were ever properly or legally authorized to be issued by the corporation or its officers to her or to William Oavanagh, her husband. Moreover, it is significant that at no time in his testimony upon this trial did William Oavanagh state that he had appointed plaintiff as his nominee or that he had advised defendants or agreed with either of the individual defendants that his shares of stock of the defendant corporation were to be issued to her. Thus, at best, it appears from the record that William Oavanagh, *578 rather than plaintiff, is the real party in interest and if any canse of action exists, by reason of either a legal or equitable interest in the stock of the defendant corporation, such cause of action exists only in favor of William Cavanagh and not in favor of plaintiff. It necessarily follows, therefore, that plaintiff, having failed to prove that she is a stockholder within the provisions of section 61 of the General Corporation Law has no legal capacity to maintain this action.
Judgment, accordingly, is rendered in favor of defendants dismissing the complaint upon the merits, without prejudice to any of the rights of William Cavanagh, plaintiff’s husband.